WORLAND
vs
KIMBERLIN.

*W. L. Underwood* for plaintiffs: *Letcher & Tilford* for defendant.

---

DETINUE.

Case 141.

July 8.

The case stated.

# Worland *vs* Kimberlin.

ERROR TO THE WASHINTON CIRCUIT.

*Fraud.   Sheriff's sales.   Deputy Sheriff.*

JUDGE MARSHALL delivered the opinion of the Court.

THIS action of detinue was brought by Worland, claiming under a mortgage and decretal sale made by consent on the mortgage, to recover a negro man slave from Kimberlin, who had purchased him under an execution against Starke the mortgagor, subsequent in date to the mortgage and also to the decree. The recovery was resisted on the ground that the mortgage was fraudulent and void as to the creditors of Starke; and on the other hand, it is contended that the defendant could not rely on the alledged fraud nor make the question, because being as was proved, a co-deputy with the Sheriff who made the sale under execution, and a partner with him in the profits of the office, his purchase was illegal and did not place him in the condition either of a creditor or a *bona fide* purchaser. The Court refused an instruction to this effect, asked for by the plaintiff, and gave instructions for the defendant on the question of fraud. And the propriety of these opinions presents the only questions to be decided. The records of the chancery attachments which ap-

pear to have been levied on the slave before the levy and date of the executions, under which he was sold, are too incomplete to show that they are entitled to have any bearing in the case, or to require any further remark in relation to them.

It appears that Starke was actually indebted to Worland in a sum much greater than the value of the mortgaged property, but for which, as it was for the unpaid balance of the price of a house and lot, sold by Worland to him, there was a lien on the house and lot of more than double the value of the debt, which however was not due, and that Starke being in negociation for the sale of the house and lot which was finally effected, the mortgage on the slave, &c., may have been made for the relief of the lien and to facilitate the sale. It was proved that Starke was embarrassed with debt, and he may have intended the mortgage as an instrument of fraud. But there is some evidence that the proceeds of the sale of the house, or a part of them, were at some period assigned for the benefit of his creditor.

The Court among other things, instructed the jury that if Worland knew when he accepted the mortgage, that Starke's intention when he made it, was to hinder or defraud his creditors, the mortgage was void as to the creditors and purchasers, though they should believe that Worlands object in accepting it was honestly to secure his own debt.

Instructions of the Circuit Court.

This proposition in the terms in which it is stated, is inconsistent with the principles established in the cases of *Ford* vs *Williams*, (3 *B. Monroe, 556, et seqa;) Pearson, &c. vs Rockhill, &c.,* (4 *B. Monroe, 296;) and Stallings vs Young,* (5 *B. Monroe, 307.)* But it is contended that although abstractly wrong, it was not prejudicial, because if Starke's intention in making the mortgage was fraudulent, and Worland knew it, the conclusion that he participated in the fraudulent intent results necessarily from the circumstances under which the mortgage was taken; and especially from the fact that it was not necessary for the security of Worland's debts, which was amply secured by lien on real estate. But we are of opinion, that before this conclusion can be regarded as

A purchaser who is a creditor, may *bona fide,* purchase property from his debtor, tho' he may know that the object of the debtor is to defeat other creditors.

WORLAND
vs
KIMBERLIN.

inevitable, so as to authorize its assumption by the Court, it must also be assumed that the sale of the house by Starke was intended to defraud his creditors, and that this intent was known by Worland. And as there is no conclusive evidence of these facts, the inference dependant upon them is not conclusive. It seems, therefore, that the question of fraud in the mortgage, if involved at all in the case, should have been left to the jury, upon the hypothetical instructions given before that which has been stated, and to which we perceive no objection.

Tho' the purchase of personal property by a deputy Sheriff, at a sale made by a co-deputy, is not within the prohibition of the statute, yet it if against the policy of the law, and should be regarded as pregnant with the suspicion of fraud, and with other slight indications of unfairness should be held void.

Upon the question whether Kimberlin as the purchaser of the slave at the sale made by his co-deputy and partner in the profits of the office of Sheriff, can make the question of fraud against the plaintiffs title, we are still of opinion that it is against the policy of the law, for one deputy to purchase at the sale of another, because of its tendency to unfairness and oppression. But although in view of the policy of the law, the prohibitions of the 6th section of the act of 1792, (2 *Stat. Laws*, 623,) were construed to extend to the purchase of land by one deputy, at an execution sale made by another deputy of the same Sheriff, (*Smith* vs *Pope*, 5 *B. Monroe*, 337,) yet as the Legislature has confined its prohibitions to the case of sales of land, tenements and hereditaments, we should not feel authorized merely on the same views of the policy of the law, to declare an absolute incapacity or inability of a deputy Sheriff, to purchase slaves or personalty at the sale of his co-deputy, and on that ground to pronounce every such sale void. We should not doubt, however, in view of the obvious tendency of the practice in question, to prevent the execution of the law, and to corrupt its ministers, that such a purchase should be regarded as pregnant with suspicion of fraud, and as barely escaping the denunciation of illegality and voidness; and that when accompanied by one other indication of unfairness or inequality, as great inadequacy of price or the like, the sale should be held void on the ground of fraud; which would of course preclude the purchaser from standing in the place or asserting the rights either of a creditor or a *bona fide* purchaser. To say that one deputy should have the same opportunities of specula-

tion at the sales of his co-deputy, that other individuals have, that the same presumptions of fairness and legality arise in his favor, and that whether he may take advantage of he paucity of bidders, or other circumstances over which the acting Sheriff may have control, would open a wide door for collusion and oppression. The law does not entrust these officers with the power of execution, as a means of enriching themselves or each other, by speculating in the property of suitors. If it does not absolutely prohibit, it must at least strongly discountenance a purchase by one at the sale made by another deputy of the same officer, and will uphold it only when it appears to be in truth and in fact a fair purchase, for reasonably adequate consideration.

We do not know that the fact of the two deputies being in this case partners in the profits of the office of Sheriff, which they both exercised, should have any other effect than that of increasing suspicion and disfavor. If, however, they were partners in the purchase made by each other at execution sales, or in this purchase in particular, we are of opinion that in that case, the sale should be deemed absolutely void, and Kimberlin derived no right to the slave by his purchase, but stands as a mere naked possessor, against whom the title of Worland under the mortgage, however void as to creditors is valid beyond question. And his attitude would be the same, if on account of gross inadequacy of price or any unfairness in the sale, his purchase should be deemed fraudulent.

For the error in instructing the jury as above stated, on the effect of Worlands knowledge of the fraudulent intent of Starke in making the mortgage, the judgment is reversed, and the cause remanded for a new trial in conformity with this opinion.

*Morehead & Reed, and Shuck* for plaintiff: *Robertson and McHenry* for defendant.