## FOSTER *v.* COLEMAN AND ALEXANDER.

The board of supervisors are not empowered to create a debt or liability on the part of the county, for any purpose except as provided by law.

When the account of a deputy assessor for $1650 was audited and allowed by the board, and ordered to be paid, the order being in the following words : " Ordered, the sum of four thousand one hundred and twenty-five dollars be paid out of the fund for current expenses, to equal sixteen hundred and fifty dollars, in cash, at the rate of forty cents per dollar—October 29, 1856 ;" and in pursuance of such order the county auditor drew his warrant for $4125 upon the treasurer, and delivered it to the deputy assessor, who presented it to the treasurer, and by him it was endorsed and registered in its order of presentation, among the legal warrants against the county : *Held,* that the order was made without authority, and was void, and the fact that the market or cash value of county warrants was only forty per cent. of the nominal amount, and the object of the action of the board was to give that which was, at the time, an equivalent to cash, did not justify the action of the board.

APPEAL from the District Court of the First Judicial District, County of Los Angeles.

The complaint in this case alleges that the defendant Alexander is the county treasurer of Los Angeles county; that the defendant Coleman was deputy assessor of said county, and on the twenty-ninth of October, 1856, presented to the board of supervisors of said county, for allowance, an account for one hundred and sixty-five days' service as assessor, at the rate of ten dollars per day, amounting to the sum of $1650; that the account was audited by the board, and allowed, and ordered to be paid, the order being in the following words : " Ordered, the sum of four thousand one hundred and twenty-five dollars be

paid out of the fund for current expenses, to equal sixteen hundred and fifty dollars, in cash, at the rate of forty cents per dollar— October 29, 1856 ;" that in conformity with the said order, the county auditor drew his warrant in favor of Coleman, for the sum of $4125, upon the county treasurer, and delivered it to Coleman, who presented it to the county treasurer, by whom it was endorsed and registered in its order of presentation, among the legal warrants against the county; and that the county treasurer intends to pay the warrant, unless restrained; that the allowance was illegal and void, and contrary to the provisions of the statutes ; that said sum was not due to said Coleman, which he well knew ; that the allowance, being null and void, did not authorize the county auditor to draw the warrant; that the warrant is null and void, and constitutes no legal indebtedness against the county ; that the plaintiff is a resident householder, freeholder, and tax-payer in said county, and has paid his taxes and is interested in the proper application of the moneys raised by taxation ; that the defendant Coleman is insolvent, and that if the money is paid out of the treasury, it will be wholly lost to the county. The complaint prays that the defendant Coleman be adjudged to deliver up the warrant for cancellation, and that he be enjoined from transferring it, and that the county treasurer be enjoined from paying it.

The defendants were duly summoned, and filed their demurrer to the complaint, which demurrer was overruled, and further time given the defendants to answer. The defendants having failed to answer, their default was entered, and the Court having heard the evidence, found the facts as alleged in the complaint, and gave judgment as prayed for.

From this judgment the defendants appealed.

*C. Simms* for Appellants.

1. The complaint admits the fact that the appellant, James H. Coleman, rendered services as assessor of Los Angeles county for one hundred and sixty-five days, for which he was entitled to receive ten dollars per day ; that the board of supervisors of Los Angeles county, under any circumstances, would have been authorized to audit, and the county treasurer to pay, that amount.

Yet the Court below have decreed the cancellation of the entire warrant, (it being drawn at the rate of forty cents upon the dollar, its estimated cash value, covering the services of Coleman,) and enjoined the assignment of the same, which leaves him without any compensation or evidence of indebtedness for services rendered.

The judgment of the Court below should be reversed, for the complaint being in the nature of a bill in equity, the Court should have rendered a judgment in conformity with the admissions contained in the bill, and not have deprived appellant, Coleman,

of any compensation for services admitted to have been rendered.

Section 144 of the Practice Act says: "A judgment is the final determination of the rights of the parties in the action or proceeding," etc.

Section 149 says: " In every case, other than those mentioned in the last section, the judgment shall be rendered on the merits."

The Court below, under our system, was a Court of Equity, and should have given a judgment in conformity with the principles of equity.

In volume one of his Equity Jurisprudence, section 28, in speaking of the powers of Courts of Equity, Story says: " They may adjust their decrees so as to meet most, if not all, of these exigencies; and they may vary, qualify, restrain, and model the remedy, so as to suit it to mutual and adverse claims, controlling equities, and the real and substantial rights of all the parties."

Therefore, when it was conceded that the appellant had done one hundred and sixty-five days' work, worth, in cash, ten dollars per day, for the county of Los Angeles, the Court had no right or authority to deprive him of all compensation, as they have done by their judgment canceling the entire warrant.

2. The board of supervisors are the judges only of the value of the scrip of their county. The appellant did work for the county of Los Angeles, worth, in cash, ten dollars per diem, but the county is unable to pay, and in the issuance of the evidence of such indebtedness, can the board not give him scrip enough, as they have done in this case, to equal the actual cash value of the services rendered ?

The action of the supervisors is conclusive, and not the subject of revision by the Court below.

*James L. English* for Respondent.

The defendants and appellants do not pretend to contend before this Court that the paying the debt of $1650 against the county, by drawing a warrant for $4125, was just and legal. They offer no argument to sustain the action of the board of supervisors and county auditor, and for the simple reason that nothing can be said in defence of that action. It was utterly unauthorized and illegal.

But the defendants contend that the judgment below should be reversed and modified, so as to allow Coleman to receive on the warrant the $1650, which appears to have been due to him. We say it should not be, because the entire warrant is null and void, and is founded upon an illegal and void order of allowance, and consequently no part thereof can legally be paid. Coleman can again present his claim to the board of supervisors, and when legally allowed, can obtain a new warrant for the true amount due him. That he would be thereby delayed, is no reason that the judgment in this case should be modified, for the

Foster *v.* Coleman and Alexander.

fault was his own, in endeavoring to obtain that which was not justly due him; and if he suffers in consequence of his own wrong, he has no right to complain, even though he were to lose his entire demand.

FIELD, J., delivered the opinion of the Court—TERRY, C. J., and BALDWIN, J., concurring.

The defendant Coleman was, in 1856, deputy assessor of the county of Los Angeles, and presented his account for services as such officer, for one hundred and sixty-five days, at the rate of ten dollars a day, amounting to the sum of $1650, to the board of supervisors of that county, for allowance. The board audited and allowed the account, and ordered it to be paid, the order being in the following words : " Ordered, the sum of four thousand one hundred and twenty-five dollars be paid out of the fund for current expenses, to equal sixteen hundred and fifty dollars, in cash, at the rate of forty cents per dollar—October 29, 1856." In pursuance of this order, the county auditor drew his warrant for $4125, upon the county treasurer, and delivered it to Coleman, who presented it to the treasurer, and by him it was endorsed and registered in its order of presentation, among the legal warrants against the county. The plaintiff is a tax-payer of the county, and instituted the present suit to enjoin the payment of this warrant, and to obtain its cancellation.

The only question presented for determination respects the validity of the order of the board of supervisors. It appears that the market or cash value of county warrants, was only forty per cent. of the nominal amount, and the object of the action of the board was to give Coleman that which was, at the time, an equivalent to cash. The object did not justify the action. The effect of the order was to create a debt or liability on the part of the county, and this the supervisors were not empowered to do for any purpose except as provided by law. Their action was entirely without authority, and altogether indefensible.

The demand of the plaintiff for his services can be again presented to the board, and upon its allowance a warrant for its true amount ordered.

Judgment affirmed.