## WHEATON *v.* NEVILLE *et al.*

THE lien of an attachment of real property is not perfected until both the acts prescribed by the statute—to wit : delivery to the occupant of a copy of the writ, or posting a copy upon the premises if there be no occupant, and the filing of a copy with the Recorder, together with a description of the property attached—are performed. The omission of either act is fatal to the creation of the lien.

It is the duty of an officer, after he has once entered upon the execution of an attachment, to complete its execution with diligence.

*Query :* Whether, if one of the two acts required to perfect the lien of the attachment be performed, and then the other act be done within a reasonable period thereafter, considering the situation of the property, the doctrine of relation will apply so as to give effect to the lien from the date of the first act.

4

Wheaton *v.* Neville.

Where a writ of attachment was issued on the twenty-sixth of August, and a copy
delivered to the occupant of the premises, or posted upon them, on the twenty-
ninth of that month, and on the same day the writ was returned, with a cer-
tificate of the Sheriff's proceedings, and filed in the Clerk's office, but no
copy of the writ with a description of the property was filed with the Re-
corder until the ninth of September following: *Held*, that after the return of
the writ to the Clerk's office, on the twenty-ninth of August, the Sheriff had
no authority to take any proceedings for the completion of the attachment,
previously omitted; that the writ was authority to him only for acts performed
while it remained in his possession; and hence, that another creditor of the
debtor purchasing the property from the latter on the sixth of September,
took it free from any lien of the attachment.

*Held further*, that the fact that such purchasing creditor and the debtor knew at
the time that the attachment had issued, and that a copy of the writ had been
delivered to the occupant, did not render the purchase a fraud upon the attach-
ing creditor.

A conveyance giving a preference to one creditor is not fraudulent simply because
the debtor is insolvent, and the creditor is aware at the time that it will have
the effect of defeating the collection of other debts.

APPEAL from the Seventh District.

Suit to enjoin a Sheriff's sale of real estate, as creating a cloud
upon the title.

Scott, Vantine & Co. and Dimock were, on the twenty-sixth of
August, 1859, creditors of H. C. Brown. On that day, Scott,
Vantine & Co. commenced suit, by attachment, against Brown, and
the proceedings stated in the opinion of the Court were had in
execution of the writ. Subsequently, on the twenty-fourth of
September following, Scott, Vantine & Co. had judgment, on which
execution was afterwards issued, and the property in question levied
on and advertised for sale.

Dimock purchased the property, and took a conveyance from
Brown on the sixth of September, 1859. On the trial, Dimock
was introduced as a witness by defendants, and testified as follows:
" The plaintiff was acting as my attorney. Previous to taking the
deed from Brown I knew of the attachment. I received the
papers, the complaint, etc., from Brown, and took them to Wheaton
(plaintiff here). I either got the papers from Brown, or took them
off of the building. I told Wheaton I considered I had a lien on
the building."

On cross examination the witness said: " When Brown came

Wheaton *v.* Neville.

here he had no money. I loaned him money, did work for him, and paid for most of the materials in the building. The property was worth about $5,000 when I took the deed. I paid between four and five thousand dollars for it, including the mortgage I assumed. The property I speak of is the property mentioned in the complaint. I never told plaintiff my object was to keep Scott, Vantine & Co. out of the property, or to prevent their realizing from their attachment. I bought the property to get my pay of Brown—he was owing me for the materials furnished and work done in putting up the building in dispute."

Direct examination resumed. " I did not think of the deed u..til the papers had been served on Brown. I gave Wheaton the papers. I considered that Scott, Vantine & Co. were after the building, and I thought I had the best claim to it. I afterwards sold the property to Wheaton."

Wheaton being next called, as a witness for defendant, said : " I am an attorney at law, and plaintiff here. I was the attorney of Dimock in this transaction. I was also the attorney of Brown in the suit of Scott, Vantine & Co. against him, and filed a demurrer on the sixth of September, 1859, at the time the deed was made to Dimock. I knew there was an attachment when employed by Dimock. I looked for the title ; found a mortgage, but no judgment. I looked to see if the property had been attached, and found that no copy of the writ had been filed in the Recorder's office. Having copies of the papers in the suit, I did not examine the files in the District Court to see if the officer had returned the attachment," etc.

This was substantially all the evidence upon this branch of the case. The Court below dismissed the complaint. Plaintiff appeals.

*M. A. Wheaton, pro. per.*

I.   There never was any valid attachment of the property ; the filing a copy of the writ in the Recorder's office was a void act, because the Sheriff had previously returned the writ to the Clerk's office. ( *Catlin* v. *Jackson,* 8 Johns, 552–3.)

II.   The doctrine of relation, if applicable as against Brown, does not apply as against Dimock, a stranger. ( 1 Johns' Cases, 90.)

*John Currey,* for Respondent.

I.   Dimock and Wheaton, as well as Brown, acted with full notice that the attachment had been issued, and levied on the property.   They knew the transaction attempted by them would have the effect to hinder and delay Scott, Vantine & Co. in the collection of their debt.   The conveyance, therefore, from Brown to Dimock was void as against them.   (Stat. of Fraud, Wood's Dig., 107, sec. 20 ; *Cadogan* v. *Kennett,* 2 Cowp. 432 ; Comyns' Dig., Covin, B. 2 ; 1 Fonb. Eq., B. 1, ch. 4, secs. 12, 13 ; *Hamilton* v. *Russell,* 1 Cranch, 309 ; *Sands* v. *Hildreth,* 14 Johns, 493 ; 2 Greenleaf's Cruise, 839–40 ; 1 Story's Eq. Jur., secs. 352–3, etc. ; *Jackson* v. *Tery,* 13 Johns, 471 ; *Fox* v. *Hill,* 1 Day's Conn. R. 295 ; *Jackson* v. *Meyers,* 18 Johns, 426 ; *Beals* v. *Guernsey,* Id. 451 ; *Wickman* v. *Miller,* 12 Id. 322 ; *Bliss* v. *Ball,* 9 Id. 132 ; *Stetson* v. *Brown,* 7 Cow. 732 ; *Sands* v. *Codwise,* 4 Johns, 536.)

II.   The attachment was levied in accordance with the statute. (Prac. Act, sec. 125.)   The fact that the copy of the writ was not filed in the Recorder's office until after the deed to Dimock, makes no difference, because, by the doctrine of relation, " Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred, and to this the other act shall have relation."   (Viner's Ab., Tit. Relation, also Note A., 90 ; 1 John's Cases ; *Stark* v. *Barnes,* 4 Cal. 412.)   The position that the doctrine of relation cannot avail against a stranger, has no application here, because plaintiff had notice of the attachment when he advised the conveyance to Dimock.   (12 Johns, 141 ; 4 Cal. *supra.*)

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

The statute provides that an attachment of real property shall be made by the officer to whom the writ is directed, " by leaving a copy of the writ with the occupant thereof ; or, if there be no occupant, by posting a copy in a conspicuous place thereon, and filing a copy, together with a description of the property attached, with the Recorder of the county."   (Prac. Act, sec. 125.)   The

two acts prescribed—the delivery to the occupant of a copy of the writ, or the posting of a copy upon the premises, as the case may be, and the filing of a copy with the Recorder, together with a description of the property attached—must be done before the lien of the attachment is perfected.   The omission of either is fatal to the creation of the lien.   The two acts being requisite to perfect the attachment, the counsel of the respondent contends that so soon as the last act is performed, provided this be done within a reasonable period, the doctrine of relation comes in and gives effect to the lien from the date of the first act.   The situation of the property, it is said, may be at such distance from the county seat that it will be impossible for the officer to file the necessary papers with the Recorder on the day in which a copy of the writ is delivered to the occupant or posted upon the premises.   A reasonable period, therefore, it is urged, must be allowed for the completion of the attachment.   It is unnecessary for the determination of the present case to express any opinion upon the point whether the doctrine of relation has any application.   We may observe, however, that it is the duty of the officer, after he has once entered upon the execution of the writ, to complete its execution with diligence.   In the case at bar, the writ was issued at the commencement of the action of Scott, Vantine and others against Brown, on the twenty-sixth of August, and a copy was delivered to the occupant of the premises, or posted upon them, (and it is immaterial for the determination of the appeal which course was pursued) on the twenty-ninth of the same month.   On this last day, the writ was returned with a certificate of the Sheriff's proceedings, and filed in the Clerk's office ; but no copy of the writ, with a description of the property, was filed with the Recorder until the ninth of September following.   On the sixth of September, Dimock purchased and took a conveyance of the premises from Brown ; and the question for determination is, whether the subsequent filing of the papers in the Recorder's office gave effect to the attachment from the date of the posting or delivery of the copy of the writ, so as to create a lien upon these premises.

We are clear that the filing in the Recorder's office had no such effect, independent of any consideration of the applicability of the doctrine of relation.   After the return of the writ to the Clerk's

office, the Sheriff had no authority to take any proceedings for the completion of the attachment, which he had previously omitted. Its efficacy, as a warrant of authority to him, was limited to acts performed whilst it remained in his possession. The filing was, therefore, ineffectual for any purpose ; and the posting of a copy of the writ upon the premises, or the delivery of a copy to the occupant, was, of itself, as we have stated, insufficient to perfect the attachment. There was, in consequence, no lien created upon the premises.

At the time Dimock purchased the property and took his conveyance, both he and Brown were aware of the issuance of the attachment, and that the Sheriff had taken the first step to levy it upon the premises, and hence it was contended on the argument, that the conveyance was void as being intended to hinder, delay and defraud Scott, Vantine and others in the collection of their demand. But there is nothing in this point. Brown was indebted to Dimock for money loaned, and for materials furnished and work done in the construction of the building on the premises attached, and the conveyance was given in payment of the indebtedness. In this transaction, neither Brown nor Dimock violated any rule of law, even though they knew the effect would be to prevent the subjection of the property to the payment of the debt of Scott, Vantine & Co. As we said in *Dana* v. *Stanfords*, (10 Cal. 277) a conveyance giving a preference " is not fraudulent, though the debtor be insolvent, and the creditor be aware at the time that it will have the effect of defeating the collection of other debts. To avoid the conveyance, there must be a real design on the part of the debtor to prevent the application of his property, in whole or in part, to the satisfaction of his debts. A creditor violates no rule of law when he takes payment or security for his demand, though others are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims. (*Nicholson* v. *Leavitt*, 4 Sand. 252; *Covanhovan* v. *Hart*, 21 Penn. 495; *Warland* v. *Kimberlin*, 6 B. Mon. 608; *Kinnard* v. *Adams*, 11 B. Mon. 102)."

It follows from the views we have expressed, that the judgment of the District Court must be reversed, and that Court directed to enter a decree for the plaintiff in accordance with the prayer of his complaint; and it is so ordered.