## M. L. Buckwalter *v.* S. H. C. Lewis & Wife.

**Sales—Action—Time of Instituting.**

> Where defendants purchased a mill and agreed to locate it on a certain two-hundred-acre tract of land, and to execute their notes therefor and secure them by mortgage on the mill and two hundred acres of land, but failed to locate the mill as agreed upon, and were unable to give the security for the notes, and failed to execute the notes, the vendor had the right to sue at once without waiting until deferred payments became due.

### APPEAL FROM HANCOCK CIRCUIT COURT.

March 31, 1874.

Opinion by Judge Lindsay:

It seems to us that in this case the rules of pleading received a most rigid construction, and that the result was manifest injustice to the party least in fault. It is true appellant does not allege full performance upon his part of the contract of sale, but he does set up matter excusing the court of each performance.

The petition shows that for the unpaid balance of the contract price of the mill, Lewis was to execute notes, and to secure them by a mortgage upon the mill and upon two hundred acres of land, and further that he agreed to erect the mill on said two hundred acres of land. It is also alleged that he represented himself to be the owner of such land, and thereby secured the credit. It is clear that Lewis, by accepting the machinery, waived the right to demand its delivery within the stipulated time. The excuse for the non-performance of the contract by appellant consist in the fact that Lewis did not own two hundred acres of land, and that he erected the mill upon a small tract of land, the property of his wife. These facts are distinctly charged, and it appears from the petition, the answer of Lewis, and the proof in the case, that appellees procured the credit by false and fraudulent representations as to their ability to secure the unpaid price, that they were unable to comply with this contract; and that after accepting the mill and so much of the machinery as was shipped to them, they deliberately violated this contract, by erecting the mill upon land to which the husband had no title.

Under such a state of case, appellant was not bound to go on and complete his contract to the letter. He might have demanded an absolute rescission, but he had the right to waive the fraud, and sue at once for the contract price of so much of the property as had been delivered. A case like this does not come within the rule announced in the case of Worland v. Kimberlin, 6 B. Mon. 609.

There the party suing on the contract was in default, whilst the party sued was wholly blameless. Here the parties resisting the suit, procured the contract to be entered into by fraudulent representations as to their ability to secure the payment of the purchase price of the property, and were the first to violate it. The rule by which this case is to be governed is stated by Chitty, thus, "When the consideration of the defendant's contract was executory the plaintiff must aver the fulfillment of each condition precedent, whether it were in the affirmative or negative, or to be performed or observed by him, or by the defendant, or by any other person, or must show some excuse for non-performance." Chitty's Pleadings, Vol. 1, side page 321.

Appellant does not in terms rely upon the fraud nor the breach of contract, nor appellees' inability to secure themselves as an excuse for his own non-performance; but he sets out the facts in his petition, and from these facts, all of which are supported by proof, the court had the right to deduce the necessary legal conclusions, and was bound to determine that a good cause of action had been made out.

It was not necessary that appellant should wait until the time at which it was agreed the deferred payments on the mill should become due. Appellees in addition to this fraud, had failed to give their notes, were unable to give the stipulated security, and had violated the express terms of the contract as to the location of the mill. In such a state of case, appellant had the right to sue at once.

The judgment dismissing appellant's petition is reversed, and the cause remanded with instructions to render judgment in his favor for the unpaid part of the contract price for the mill, less the value of the articles not delivered, and the amount allowed to appellees by the jury on their counterclaim.

We cannot inquire into the propriety of the verdict of the jury on this branch of the case, as there is no bill of exceptions.

*Brown, Kincheloe, for appellant.*

*Williams, for appellees.*