[No. 3,612.]

## JOSEPH REGLI AND THEODORE PLEISCH v. SAMUEL McCLURE, Sheriff of the County of Sutter.

FRAUDULENT SALE OF PERSONAL PROPERTY.—G, the owner of cattle and horses, rented land of L, and kept the cattle and horses on the land, in Sutter County, and P worked for him. G owed L on a note, given April 29th, 1872. June 7th, 1872, G and P went to Sacramento and delivered L some hogs on the debt. The next day G sold to P, and to R, his brother-in-law, his cattle and horses for $1,800, and all three of the parties started with the cattle and horses for Big Valley, Siskiyou County, G riding on a horse, and his family following behind in a wagon hauled by one of the horses sold by G. When about thirty miles from the place of starting, the cattle and horses were attached at the suit of L: *Held*, that there was no such change of possession as is required by the statute, and that the sale was plainly fraudulent.

APPEAL from the District Court of the Tenth Judicial District, Sutter County.

The action was brought by Regli and Pleisch against the defendant, as Sheriff of Yuba county, to recover damages

for the conversion of a number of cows, heifers and calves. On the sixth of May, 1872, G. W. Leet commenced an action against Antoine Gerig, for money due upon a promissory note. Gerig was then the tenant of Leet, occupying a ranch in Sutter county, and Pleisch worked for him. Gerig owned and kept the cattle on the ranch. It appeared by the testimony, that on the seventh of June following, Gerig came to Sacramento and called upon Leet, in company with Pleisch, to see him in regard to the debt. Gerig delivered some hogs to Leet on the debt, and in the presence of Pleisch, promised to bring the cattle in suit to Sacramento in a few days. Pleisch testified that he and Regli purchased the cattle on Saturday, June 8th, 1872, paid $1,800 for them and took a bill of sale for them; that in company with Gerig, they gathered them up on the ensuing Sunday and Monday, and on Tuesday started with them for Siskiyou county; that Gerig accompanied them with a wagon, hauled by one of the horses they had bought of him; that they paid him to haul their provisions and blankets, that Gerig paid the ferriage for the cattle at Nicolaus, but that they afterwards returned the money to him; that Ge ig's wife drove the team, and Gerig rode along with them part of the time, but did not assist in driving the stock; that the cattle were taken at Yuba City under an attachment in the suit against Gerig, but they secured the services of a lawyer, who, after a few hours' delay, obtained the release of the property on the bill of sale; that they then drove the cattle on several miles and camped—he and Gerig and his wife being the only ones present—when the Deputy Sheriff came up, and again attached the stock; that he agreed with the Sheriff that if he would pay for the hay the cattle had eaten the first time they were taken, none of them would give any further trouble about having been stopped; and that the Sheriff paid for the hay. The testimony of Regli was substantially in harmony with that of Pleisch. The Deputy Sheriff testified that on the day he attached the cattle, Gerig and Pleisch were driving them, and Gerig was in possession of them when they were attached. The case was tried before a jury, and a verdict

was returned in favor of the plaintiffs for $2,000. The defendants moved for a new trial, which was denied, and they appealed from the judgment and from the order denying a new trial.

*George Cadwalader, L. S. Taylor* and *J. N. Young,* for Appellants, cited *Stevens* v. *Irwin,* 15 Cal. 503; *Bacon* v. *Scannell,* 9 Cal. 271; *Engles* v. *Marshall,* 19 Cal. 329; *Woods* v. *Bugbey,* 29 Cal. 469; *Walden* v. *Murdock,* 23 Cal. 540.

*Beatty & Denson,* for Respondents, cited *Scannel* v. *Gorham,* 5 Cal. 227; *Montgomery* v. *Hunt,* 5 Cal. 365; *Walden* v. *Murdock,* 23 Cal. 540.

By the COURT:

The verdict of the jury should have been set aside by the Court below. The circumstances disclosed by the evidence do not amount to that change of possession required by the statute. The conflict in the evidence as to the alleged fraud in the sale of the cattle, if indeed there be any conflict at all, is not substantial in its character. The sale was plainly fraudulent. The jury must have misunderstood the testimony in the case. The verdict can be accounted for in no other way.

Judgment reversed, and cause remanded for a new trial. Remittitur forthwith.