[Department One.—June 14, 1883.]

## CHARLES H. MERRILL, Appellant, v. ISAIAH HURLBURT, Respondent.

Fraudulent Transfer — Void as Against Assignee in Insolvency — A transfer of personal property without an immediate delivery and an actual and continued change of possession is void as against an assignee in insolvency of the vendor.

Id. — Delivery and Continued Change of Possession. — The property purchased consisted of loose hay stored in a barn owned by the vendor. The plaintiff examined the hay at the time of the sale, and there was a verbal delivery. A keeper was left in charge of the hay. A portion of it was subsequently removed, but the part in controversy remained in the barn until it was attached by a creditor of the vendor. The period between the sale and attachment was about three months. The barn continued in the possession and under the control of the vendor. The court below found that there was not an immediate

delivery and an actual and continued change of possession. *Held,* that the finding was justified by the evidence.

PRACTICE ON APPEAL—MODIFICATION OF JUDGMENT—DE MINIMIS.—The evidence showed that the value of the property replevied did not exceed three hundred and sixty dollars, but the court found the value to be three hundred and seventy-five dollars. *Held,* that the judgment cannot be modified here so as to conform to the evidence, for it would then have no finding to support it; *and further,* that considering the amount involved the judgment ought not to be affirmed upon the maxim *de minimis,* etc.

APPEAL from a judgment of the Superior Court of the county of Colusa, and from an order refusing a new trial.

The action is replevin. The property in suit, alleged to be twenty-five tons of hay, more or less, was attached by a creditor of N. S. Merrill, brother of the plaintiff, but subsequently delivered by the sheriff to the defendant Hurlburt as assignee in insolvency of N. S. Merrill. The plaintiff claimed the property by virtue of a sale to him prior to Merrill's insolvency. The sale was attacked on the ground that there had been no delivery of the property with a continued change of possession. The plaintiff's testimony, the only evidence respecting the delivery and continued change of possession, showed that he had bought and paid for the property, and carried a portion of it away, but left the remainder in the vendor's barn, where it remained until it was attached. The hay was loose, in one body, in the barn. The plaintiff placed a man in charge of the property, but the barn continued in the possession and under the control of Merrill the vendor.

*John T. Harrington,* for Appellant, contended (1) that the finding of the court that there was not an immediate delivery, and actual and continued change of possession was not sustained by the evidence. That the rule, as established by the adjudicated cases, requires no more than that the purchaser must have that possession which places him in that relation to the property which owners usually have to the like kind of property. (Citing *Woods* v. *Bugbey,* 29 Cal. 472; *Lay* v. *Neville,* 25 Cal. 546 · *Stevens* v. *Irwin,* 15 Cal. 507; *Cartwright* v. *Phœnix,* 7 Cal 281; *Toquini* v. *Kyle,* The Reporter, vol. 15, p. 20.) (2) That the sale being valid between the parties, it is valid as against the defendant—*the assignee in insolvency of the vendor.* (Citing

*Stewart* v. *Platt,* 101 U. S. 731; *Donaldson* v. *Farwell,* 93 U. S. 631; *Dugan* v. *Nichols,* 125 Mass. 43.) (3) That the finding that the value of the property is three hundred and seventy-five dollars is not supported by the evidence.

*H. M. Albery,* for Respondent, argued (1), That the evidence sustained the finding as to the delivery and change of possession, and cited *Lawrence* v. *Burnham,* 4 Nev. 361; *Allen* v. *Massey,* 17 Wall. 351; *Hesthal* v. *Myles,* 53 Cal. 623; *Watson* v. *Rodgers,* 53 Cal. 403; *Gray* v. *Corey,* 48 Cal. 208; *Regli* v. *McClure,* 47 Cal. 612; *Woods* v. *Bugbey,* 29 Cal. 467; *Weil* v. *Paul,* 22 Cal. 494; *Malone* v. *Plato,* 22 Cal. 104; *Engles* v. *Marshall,* 19 Cal. 321; *Stevens* v. *Irwin,* 15 Cal. 503; *Bacon* v. *Scannell,* 9 Cal. 272; Civil Code, § 3440. (2), That the assignee in insolvency comes within the class of persons as against whom such sales are void as defined by § 3440 of the Civil Code. Citing in support of the principle, *Allen* v. *Massey,* 1 Dill. 40; *Kane* v. *Rice,* 10 Bank. Reg. 469; *Cragin* v. *Carmichael,* 2 Dill. 519; *In re Wynne,* 4 Bank Reg. 23; *Bradshaw* v. *Klein,* 1 Bank Reg. 542; *In re Metzger,* 2 Bank Reg. 355; *Boone* v. *Hall,* 7 Bush. 66; *Pratt* v. *Curtis,* 6 Bank Reg. 139; *Edmonston* v. *Hyde,* 7 Bank Reg. 1; *In re Perrim,* 7 Bank Reg. 283; and (3), that notwithstanding the evidence does not show that the value of the property is beyond three hundred and fifty-two dollars and fifty cents, the judgment should be modified and affirmed.

PER CURIAM. — Section 3440 of the Civil Code reads: —

"Every transfer of personal property, other than a thing in action, or a ship or cargo at sea, or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or respondentia, is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit

of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

The assignee in insolvency of the vendor was "a successor in interest" of his creditors, and also one "on whom his estate devolved in trust for the benefit of others than himself."

There was sufficient evidence to sustain the finding of the court that there was not an immediate delivery and actual and continued change of possession of the property.

But the finding that the value of the property described in the complaint is three hundred and seventy-five dollars is not sustained by the evidence. It is admitted by respondent that the undisputed evidence proved there were from twenty-three to twenty-four tons of hay, of the value of fifteen dollars a ton. If the judgment was, in case a return of the property could not be had, that defendant should have judgment for a greater sum than the court found the value to be, we could modify the judgment here, so as to make it accord with the findings. But the judgment must be based upon the findings, and we cannot change the judgment in such manner as that it shall not be supported by the findings. Considering the amount involved in the action we cannot say we ought + affirm the judgment upon the maxim *de minimis*, etc.

Judgment and order reversed, and cause remanded for a new trial.

Hearing in Bank denied.