WILLIAM T. ROSS, Respondent, v. JOHN SEDG-
WICK, Appellant.

Sale — Delivery — Change of Possession — Evidence. — The action was
brought to recover damages for the conversion of certain household fur-
niture. The defendant, a sheriff, justified the taking under an execution
against the vendor of the plaintiff. The property in question constituted
the furniture of a lodging-house kept by the vendor, and was sold to the
plaintiff in payment of an antecedent indebtedness. At the time of the
sale, the plaintiff, a lodger in the house, immediately took possession of
the furniture, notified the inmates of the house that he had bought it, and
continued to exercise control over it until it was seized by the defendant.
From the time of the sale until a few hours before the seizure, the vendor
of the plaintiff resided in the house, but during most of the time was
ill in bed. Held, that the evidence was sufficient to show that the sale
was accompanied by an immediate delivery, and followed by an actual
and continued change of possession.

Id. — Possession of House. — Under such circumstances, the vendee might
have taken actual possession of the furniture, although the legal posses-
sion of the house remained in the vendor.

Id. — Sale in Payment of Indebtedness — Hindering and Delaying
Creditors. — A sale of personal property in payment of an antecedent
indebtedness is not void under section 3439 of the Civil Code, although
the vendee knew that the effect of the sale would be to hinder and delay
other creditors of the vendor in the collection of their debts.

New Trial — Newly Discovered Evidence — Affidavits must Show
Diligence. — A new trial will not be granted on the ground of newly
discovered evidence, if no reason is shown in the moving affidavits why
the evidence might not, with reasonable diligence, have been discovered
and produced at the trial.

Appeal from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
refusing a new trial.

The facts are stated in the opinion.

*George D. Shadburne,* for Appellant.

*Severance, Travers & Hornblower,* for Respondent.

Belcher, C. C.—This was an action to recover dam-
ages for the conversion by the defendant of certain
household furniture, alleged to be the property of the
plaintiff.

The defendant justified the taking of the furniture upon the ground that he was sheriff of the city and county of San Francisco, and as such seized the property and sold it under an execution issued against one Annie P. Valleau, whose property he alleged it was at the time of such seizure.

The case was tried before a jury, and the verdict was in favor of plaintiff.

The appeal is by the defendant, from the judgment and an order denying a new trial.

The record shows that Mrs. Valleau was the keeper of a lodging-house in the city of San Francisco for which she had been paying a monthly rental of sixty-five dollars. The landlord notified her to leave the premises, and that her rent would be raised to one hundred dollars per month. He commenced an action to remove her from the premises, and on the 11th of September, 1882, obtained a judgment of restitution and for three hundred dollars, treble rent for one month, and for costs. About this time she notified the plaintiff, who was her brother, and lived in the country, that she was in trouble and wanted him to come down and help her. He came to the city on the 15th of September, took a room in the lodging-house, and remained there until the 25th of the month. On the 20th he took an inventory of all the furniture in the house, and then exacted, and Mrs. Valleau gave him, a bill of sale of it. She was indebted to him at the time in a sum equal to the value of the furniture, and the sale was made in payment of that indebtedness. He at once took possession of the property, notified the lodgers in the house that he had bought it, and continued to exercise control over it until it was seized by the defendant. Mrs. Valleau engaged a room for herself in another house, but became ill, and was unable to leave the lodging-house until the early morning of the 25th, when she went away, taking some of her personal effects with her. On the afternoon of the 25th a deputy sheriff,

under the defendant, went to the lodging-house and levied an execution issued on the judgment above referred to, upon all the furniture which he found therein. The plaintiff was there, and before the levy was made notified the deputy that the property was his. After due notice the furniture was sold by the defendant under the execution.

At the trial, the principal contention on the part of the defendant was, that the sale by Mrs. Valleau to the plaintiff was not accompanied by an immediate delivery and followed by an actual and continued change of possession of the things sold; and it is now claimed that the evidence was insufficient to justify the verdict, and that the judgment should therefore be reversed.

We do not think this claim can be maintained. The case was submitted to the jury under instructions, which stated the law upon the question involved very clearly, fully, and correctly; and looking now at all the testimony we are unable to say that there was not a sufficient change of possession to meet the requirements of section 3440 of the Civil Code. It is true that after making the bill of sale, Mrs. Valleau remained for a time in the house, but she had surrendered all control, and was sick, and most of the time in bed. The plaintiff had assumed control, and his possession was open, visible, and notorious.

The defendant asked the court to instruct the jury, in effect, that a tenant holds possession of leased premises for his landlord, and that after the landlord has obtained a judgment against his tenant for the possession of the premises, the tenant cannot induct another into the possession thereof, and thereby create the relation of landlord and tenant, between either himself and such person, or his landlord and such person; hence, any possession by plaintiff of the lodging-house, after the judgment against Mrs. Valleau, was unlawful, and the possession was Mrs. Valleau's until the premises were

delivered to her landlord, "and the possession of the furniture in the house, a part of such real property, could not be transferred to any one by the delivery of the possession of the house to such person, and such a transfer would be void as to creditors."

The instruction was properly refused  If given, it would have tended to mislead the jury. The plaintiff was not claiming the possession of the furniture because of the delivery to him of the possession of the house. He claimed to have taken the *actual* possession of the furniture, and this he might have done, notwithstanding, as matter of law, the possession of the house remained in Mrs. Valleau.

The defendant also asked the court to instruct the jury as follows: —

"Every transfer of property made with intent to delay or defraud any creditor or other person of his demands is void against all creditors of the debtor; hence, if from the evidence you should believe there was such a transfer of the property in question to the plaintiff, although the plaintiff might have been in possession thereof at the time of the seizure of the same by defendant, still you should find for defendant."

The court properly refused to give this instruction. It appeared from the testimony — and there was no conflict — that the furniture was conveyed to the plaintiff in payment of a just indebtedness from Mrs. Valleau to him. He had a right to exact the payment of his debt, and the transfer was not made void, under section 3439 of the Civil Code, though he knew that other creditors would thereby be hindered and delayed in the collection of their debts. As said in *Dana* v. *Stanford,* 10 Cal. 278: "A conveyance, giving such preference, is not fraudulent, though the debtor be insolvent, and the creditor be aware, at the time, that it will have the effect of defeating the collection of other debts. To avoid the conveyance, there must be a real design on the part of the debtor to pre-

vent the application of his property in whole or in part, to the satisfaction of his debts.  A creditor violates no rule of law when he takes payment or security for his demand, though others are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims." (See also *Randall* v. *Buffington,* 10 Cal. 491; *Wheaton* v. *Neville,* 19 Cal. 46; *Covanhovan* v. *Hart,* 21 Pa. St. 495.)

There was no error in refusing to grant the motion for a new trial on the ground of newly discovered evidence. No reason is shown why the evidence might not with reasonable diligence have been discovered and produced at the trial.  To entitle one to relief in such a case strict proof of diligence is required, "and a general averment of diligence is not sufficient.  He should state particularly what acts he performed, in order that the court may decide whether proper diligence was used." (*Butler* v. *Vassault,* 40 Cal. 76.)  Besides, nearly every material fact, disclosed by the affidavits, is contradicted by counter-affidavits.

We discover no error in the record, and the judgment and order should be affirmed.

FOOTE, C., and SEARLS, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.