[No. 12541. In Bank. — June 7, 1888.]

## JOSEPH A. RUDDLE, RESPONDENT, v. JOHN H. GIVENS, APPELLANT.

SALE — WANT OF CONTINUED CHANGE OF POSSESSION. — Instance of a sale of personal property which was void as against creditors of the vendor, under section 3440 of the Civil Code, because not accompanied by a continued change of possession.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Frank H. Farrar*, for Appellant.

*R. H. Ward*, for Respondent.

SEARLS, C. J.—This is an action of claim and delivery, brought by plaintiff to recover possession or the value of two brown work-horses, one bay work-horse, one roan work-horse, and four two-year-old colts, branded X on left hips; also, two yearling colts not branded.

Plaintiff claims title to the property and right of possession under a bill of sale dated June 2, 1886, executed by one John K. Walling in favor of himself. This bill of sale, in addition to describing the horses in dispute here, also purported to convey title to other horses not in dispute. Plaintiff also claims right of possession by virtue of a delivery of such possession to him, made one or two days after the bill of sale was executed.

Defendant justifies as sheriff of Merced County, under an execution levied by him upon the property in an action wherein A. Zirker and R. W. Hammatt, under the firm name of Zirker & Hammatt, were plaintiffs against the said John K. Walling, defendant.

And also denies right of possession in plaintiff, and sets up ownership, right of possession, and possession in the said John K. Walling.

The case was tried by a jury. Plaintiff had a verdict, upon which judgment was entered.

The appeal is by defendant, from the judgment and from an order denying a new trial.

The important question for consideration is as to the sufficiency of the evidence to support the verdict. There is very little conflict in the testimony.

Taken in its most favorable aspect to plaintiff, it shows that on the second day of June, 1886, he received a bill of sale of the horses in dispute, and of others not in dispute, from John K. Walling, his brother-in-law. The horses at the time of the sale were at the pasture of a man by the name of Davis. A day or two after the sale plaintiff and Walling went to Davis's pasture, where plaintiff took possession and removed a part of the horses to George Barfield's and part to Schaffer's pasture.

After the horses had been in Barfield's pasture for some time, plaintiff told Davis to take them from Barfield's and put them back in his pasture.

Walling took the horses in dispute here, and put them into the pasture of a man named Asbury, where they remained until taken by defendant as sheriff under a writ of attachment against the property of Walling, on the ninth day of June, 1887.

E. Asbury was sworn for defendant, and testified as follows:—

" The horses described in the complaint were placed on my ranch by John K. Walling. I don't remember the time they came, but have a memorandum; the pasturage was charged to John K. Walling, and he told me they were his horses. Walling and the plaintiff were present when the horses were brought to my place. Walling made the contract with me for the pasturage, and Ruddle had nothing to say about it."

On cross-examination he testified as follows:—

"Walling told me he brought the horses to put them in pasture, and he and I made a bargain and he put the

horses in.   I don't know how many were taken out after that, nor how long they were away.   I don't know who took them away, nor who returned them.   Neither Walling nor Ruddle paid the pasturage, but it was paid by the defendant.   I know the plaintiff, and have known him since he was a little boy.   I met Walling and the plaintiff on the road.   I might be mistaken about the plaintiff being with Walling at the time; it might have been some one else; I am not certain it was the plaintiff; it might not have been."

Kahl, being duly sworn for the defendant, testified as follows:—

"I was at Mr. Asbury's place about October, 1886, when the horses in dispute in this action were brought there.   Mr. Asbury and I met them on the road, and Mr. Walling asked if he could get the horses in the pasture. Asbury told him he could.   I think it was the plaintiff that was with Walling at the time.   I kept the pasture accounts and charged the pasturage to Walling."

Plaintiff denies that he was with Walling when he placed the horses with Asbury.   He went to Idaho about October, 1886, and was absent some three or four months.

During this time Walling sold some of the horses, and as plaintiff says, "had control enough of the horses to have sold all of them while I was away."

Plaintiff paid nine hundred dollars for all the horses purchased by him, the number of which does not appear.

There are some other items of testimony bearing more or less remotely on the subject of possession, but nothing to change our view that the evidence failed to show such a continued change of possession of property as is contemplated by section 3440 of the Civil Code, and as required by said section, to render a valid sale as against creditors of the vendor.

That Walling was indebted to Zirker & Hammatt; that an action was brought, a writ of attachment issued in

due form, and was placed in the hands of the defendant as sheriff, and by him regularly levied upon the property in dispute; that a judgment was taken and the property levied upon and sold under an execution issued on said judgment,— are all admitted in the record.

We are of opinion the verdict was not supported by the evidence, and the judgment and order appealed from are reversed, and a new trial ordered.

McFARLAND, J., SHARPSTEIN, J., THORNTON, J., PATERSON, J., and McKINSTRY, J., concurred.