## KENNEDY v. CONROY.

### Sac. No. 58; April 28, 1896.

#### 44 Pac. 795.

**Sale—Change of Possession.**—A Stepfather Delivered to his stepson, who had been living with him on his ranch, a lease thereof, reserving two rooms in the house thereon for himself, and at the same time gave him, for value, a bill of sale of sheep and hogs running on the ranch. The lease was never recorded, and they continued to live together on the ranch without any change in their relations or in the possession being manifest to the world. Held, that the bill of sale was void, under Civil Code, section 3440, declaring all sales of personal property void as to creditors where there is not actual and continued change of possession.

**Contract—Consideration.**—Cancellation of a Pre-existing Debt is a valuable consideration.

**Fraudulent Conveyance.**—A Preference of Creditors by an insolvent is valid.

APPEAL from Superior Court, Placer County; J. E. Prewett, Judge.

Action by James P. Kennedy against W. C. Conroy. From a judgment for defendant and an order denying a new trial plaintiff appeals. Affirmed.

John M. Fulweiler and F. P. Tuttle for appellant; B. F. Myres and Ben. P. Tabor for respondent.

VANCLIEF, C.—This is an action to recover damages for the conversion by defendant of certain sheep and hogs alleged to be the property of the plaintiff. The defendant justifies the taking of the property upon the ground that he was sheriff of the county of Placer, and as such seized and sold the property under an execution against C. Quinn, whose property he alleged it was at the time of such seizure. On the twelfth day of August, 1893, Quinn executed and delivered to plaintiff a lease demising to him a farm in Placer county for the term of two years and two months, and on the same day made and delivered to plaintiff a bill of sale of livestock and other personal property then on said farm, including

the sheep and hogs in question. The consideration named in the bill of sale is $2,600, and the testimony tends to show that Quinn was indebted to plaintiff at the time the bill of sale was executed (though in what amount does not appear), and that the cancellation of the pre-existing debt was the consideration for the sale. These instruments were executed and delivered to plaintiff at the town of Lincoln, and plaintiff (who is the stepson of Quinn) testified: "When I received this bill of sale, Mr. Quinn turned the stock over to me on the ranch in the presence of witnesses. He turned the stock over to me on the ranch. The witnesses were Cornelius Kennedy and Owen Corcoran. No, it was not on the ranch that he turned the stock over to me; it was in the town of Lincoln. The stock was not in Lincoln, but that is where the witnesses were when they witnessed it. They witnessed the bill of sale. No, it was not witnessed by them. They were witnesses to the stock. Statements were made in their presence by him to me in Lincoln." In the lease of the farm Quinn reserved from its operation two rooms in the farm-house for the use and occupation of himself and his wife as a home and residence, and Quinn was there when the defendant seized the animals. There is nothing in the record to show how many rooms there were in the house, nor whether the rooms so reserved by Quinn were the same rooms that he and his wife had previously occupied. The lease was not recorded. Plaintiff was twenty-six years old, had lived with Quinn since his boyhood, and worked on the farm, having charge of the sheep and hogs, which were on the place before the execution of the bill of sale. After the making of the bill of sale, plaintiff had charge in the same way. The hogs and sheep remained on the ranch in the same condition that they had been in before he took the bill of sale. There was no change in the manner of using or keeping them. One witness testified that he went to work on the Quinn ranch about the 24th of August, 1893, and worked there two months; that he was employed by plaintiff, who paid him for his work. Another witness testified that he had seen the hogs and sheep on the ranch of Mr. Quinn; that plaintiff was working on the ranch prior to August 1, 1893, and shortly after that, on the ranch, witness heard Quinn say that he delivered and sold all this stock to plaintiff; that plaintiff seemed to be in charge; that Mr. Quinn was not doing anything at all, except little chores

around home. On the twenty-third day of November, 1893, the defendant levied upon the property. On the twenty-eighth day of November, 1893, the plaintiff served a notice upon defendant that the property levied upon was his property, forbidding defendant to sell it, and demanding its immediate return. But said notice was not verified by the oath of the claimant, or any other person, nor did it state the matters pertaining to the right of possession or grounds of title required by section 689 of the Code of Civil Procedure, as amended March 2, 1891. It was admitted that the defendant was, on the twenty-second day of November, 1893, and thence hitherto continued to be, the duly elected, qualified and acting sheriff of the county of Placer. The court below rendered judgment in favor of the defendant and denied plaintiff's motion for a new trial. The appeal is from the judgment and from the order denying the motion for a new trial.

Appellant contends that there was an actual change of possession from Quinn to appellant on the twelfth day of August, 1893, which continued until the property was taken by the respondent, in November, 1893, and cites a number of California cases in support of such contention. But a careful reading of those cases discloses the fact that in each of them there are some circumstances which in a marked manner differentiate it from the case in hand. Thus, in Montgomery v. Hunt, 5 Cal. 366, from which appellant quotes in his points and authorities, the court said: "The cattle remaining on the ranch followed the actual possession of it by Meacham, and were no longer in the possession of Weston." The presence of Meacham on the ranch was sufficient to put the world upon notice of the changed condition of affairs respecting the cattle. In this case Quinn remained on the farm after the bill of sale was executed, and there was no change in the conditions apparent. The rule laid down in Stevens v. Irwin, 15 Cal. 503, and ever since adhered to in this state, requires that the change of possession shall be so manifest "as to give evidence to the world of the claims of the new owner." The court below held that the sale to appellant was void, under section 3440 of the Civil Code, for want of the necessary change of possession; and I am satisfied that such conclusion was warranted by the evidence: See Woods v. Bugbey, 29 Cal. 467; Regli v. McClure, 47 Cal. 612; Gray v. Corey,

48 Cal. 211; Grum v. Barney, 55 Cal. 254; Merrill v. Hurl-burt, 63 Cal. 494; Bell v. McClellan, 67 Cal. 283, 7 Pac. 699; Ruddle v. Givens, 76 Cal. 457, 18 Pac. 421; Bunting v. Saltz, 84 Cal. 170, 24 Pac. 167; Pearce v. Boggs, 99 Cal. 340, 33 Pac. 906; Howe v. Johnson, 107 Cal. 67, 40 Pac. 42. It may be conceded that the consideration for the sale was sufficient. The cancellation of a pre-existing debt has been held to be a valuable consideration: Schluter v. Harvey, 65 Cal. 158, 3 Pac. 659. So, too, it has been held that a debtor, though insolvent, may make a payment to a creditor which will have the effect of defeating the collection of other debts against him: Ross v. Sedgwick, 69 Cal. 250, 10 Pac. 400; Dana v. Stanfords, 10 Cal. 278. But, although the transaction between Quinn and appellant may have been entirely honest, with a view to the payment of Quinn's debt, and without the intention of hindering or defrauding creditors of Quinn, yet, if the transaction falls within the inhibition of section 3440 of the Civil Code, it must be governed by it. As was said in Woods v. Bugbey, 29 Cal. 479: "If in fact there was not an actual and continued change of possession given, the statute pronounces the transfer fraudulent as to creditors, and the courts have no right to seek to evade its force and effect. No excuse or explanation for want of an actual and continued change of possession can be entertained." Some exceptions were taken at the trial to the rejection and admission of evidence, but I think the court did not err in any of its rulings. I think the order and judgment should be affirmed.

We concur: Belcher, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order and judgment are affirmed.