TUDOR ET AL., APPELLANTS, *v.* DE LONG ET AL., RE-
SPONDENTS.

[Submitted September 18, 1896.　Decided October 5, 1896.]

FRAUDULENT CONVEYANCE—*Surety—Creditors.*—A conveyance by the defendant of his property to his surety on certain notes to secure him against liability thereon, and in consideration of the surety also assuming the payment of further indebtedness of the defendant, is not fraudulent as against creditors of the defendant whose claims were not embraced among those to be paid by the surety.

*Appeal from Ninth Judicial District, Gallatin County.*

ACTION to annul certain conveyances as fraudulent.　Judgment was rendered for the defendants below by ARMSTRONG, J.　Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to set aside a conveyance made by defendant Burk to defendant DeLong to certain real estate in Gallatin county, and also a chattel mortgage to certain personal property made by said Burk to said DeLong for alleged fraud in the execution of said instruments.　Both of said instruments were executed on the 13th day of February, 1894, and both are attacked on the same ground of alleged fraud in the execution thereof.

The complaint alleges generally that both of said instruments were executed for the purpose of cheating, defrauding, hindering and delaying the creditors of Burk, and that they were both executed and delivered without any consideration whatever having passed from DeLong to Burk.　Plaintiffs were creditors of Burk before and at the time of the execution of said instruments.

The answer denies the material allegations of the complaint. The case was tried by the court without a jury.　The judgment of the court was for the defendants.　Plaintiffs appeal from the judgment and order of the court refusing a new trial.

*J. L. Staats*, for Appellants.

*Luce & Luce*, for Respondents.

PEMBERTON, C. J.—An inspection of the record in this case discloses the fact that on the 13th day of February, 1894, the date of the two conveyances attacked and sought to be set aside for alleged fraud, and prior thereto, the defendant Burk was indebted to divers creditors, and that he was being pressed for payment of his debts, especially by the Gallatin Valley National Bank to which he owed a considerable sum. It appears that at this time DeLong was surety for Burk on notes for about $2,700. To secure DeLong against this liability, and to secure DeLong against damage and loss by reason of his (DeLong's) assuming about $2,000 additional indebtedness of Burk to said bank and other creditors who were crowding him for payment, Burk executed and delivered to DeLong the deed and chattel mortgage sought to be set aside in this proceeding. The plaintiffs, who were creditors of Burk, were not secured or preferred by the conveyances above mentioned. There was no other consideration for the execution of the deed and chattel mortgage involved than that stated above. No money passed from DeLong to Burk as a consideration for the making of such instruments.

The appellants contend that the deed and chattel mortgage made by Burk to DeLong under the circumstances stated above to secure DeLong as Burk's surety, and also to protect DeLong against damage on account of his assuming the payment of Burk's debts were made without consideration and were and are, therefore, void as to plaintiffs. The court evidently found that there was sufficient consideration shown for the execution and delivery of the instruments attacked, and that there was no fraud in the arrangement between Burk and DeLong by and on account of which Burk transferred his property to DeLong; and upon such view of the case the court evidently made its finding and rendered its judgment.

This action of the court constitutes the principal, if not the sole, ground of complaint of the appellants. It is the only

error really relied upon, though others are assigned. It is the alleged error against which counsel directs his main argument.

The court simply found that DeLong was surety for Burk on notes to about $2,700, and had assumed in addition thereto the payment of about $2,000 of Burk's debts, and that to secure himself against such liabilities he had taken the deed and chattel mortgage attacked in this proceeding. It is not claimed that the transaction between Burk and DeLong was not *bona fide* for the purpose and for the consideration stated above. We are at a loss to see how the court could have found otherwise than it did. DeLong had a legal right to demand and take security against the liabilities he assumed for Burk. Burk had a legal right to secure him in the manner he did. That the giving of the deed and chattel mortgage to DeLong amounted to a preference by Burk of other creditors gave the plaintiffs no right of action. Such a preference is not of itself fraudulent nor is it prohibited by law. (*Priest* v. *Brown*, 35 Pac. 323 (Cal.) and cases cited; *Ross* v. *Sedgwick*, 10 Pac. 400 ; *Smith* v. *Rankin*, 25 Pac. 586; *Warren* v. *His Creditors*, 28 Pac. 257.)

If it were necessary to cite authorities in support of the finding and judgment of the lower court in this case, we think the above amply sufficient. There is no pretense, supported by the evidence, that there was any actual or intentional fraud in the execution of the deed and chattel mortgage sought to be set aside in this case.

The appeal appears to us to be without merit, if not absolutely frivolous. The judgment and order of the district court appealed from are affirmed.

*Affirmed.*

DE WITT and HUNT, JJ., concur.