Catherwood *v.* Watson.

---

## CATHERWOOD *v.* WATSON.

RESULTING TRUST.—*Conveyance to Husband, of Land Purchased by Wife.—Replevin Bail.—Sheriff s Sale.*—A tract of land was purchased and paid for by a married woman, but, though she intended to take the title in her own name, the deed was made, in her absence, to her husband, who, three years after, became replevin bail upon a judgment in the circuit court of the county in which the land was situated ; and, upon the expiration of the stay, execution was issued upon such judgment and levied on such land, which was sold by the sheriff, on such execution, to the execution creditor, neither he nor the clerk of the court having notice of the interest of the wife.

*Held,* that the resulting trust in favor of the wife falls within section 2 of the act concerning trusts, 1 R. S. 1876, p. 915, and therefore that the rights of the purchaser must prevail.

SAME. *Notice* Vague rumors of the facts constituting such trust, communicated by third persons to the attorney of the execution creditor are not sufficient to charge the latter with notice of the trust.

From the Blackford Circuit Court

*W. A. Bonham, J Cantwell* and *J R Wilson*, for appellant.

*J. Brownlee* and *H Brownlee*, for appellee

PERKINS, J. Complaint by appellee, Elmira E. Watson, to quiet title.

It states that Daniel A. Watson, the husband of Elmira E. Watson, purchased a tract of land, described in the complaint, with the money of said Elmira, and took the deed in his own name ; that subsequently said Daniel A. became replevin bail on a judgment in the circuit court of Blackford county, in favor of Joseph Catherwood, the appellant, and said land, above mentioned, was sold on execution to make the money due on said judgment, was purchased, at said sale, by Catherwood, and that he had notice of the equity of the appellee, before the sale.

Demurrer to the complaint overruled, and exception entered.

Answer in general denial. Trial by the court, finding for the appellee, and, over a motion for a new trial, judgment on the finding.

One of the grounds of the motion for a new trial was, that the finding was not supported by the evidence.

The evidence is in the record. It was substantially as follows :

Elmira E. Watson testified : " I am the plaintiff in this suit. The land in controversy was purchased with my money. It was purchased from John D. Lewis for $900; was purchased about three years since. My husband did not furnish any part of the money. I always claimed it; was not present when the deed was made ; intended to have the deed made to me ; did not know when it was purchased ; did not know of the sheriff's sale to defendant, Catherwood, until about one month since; there was no understanding as to the party to whom the deed was to be made, but I always wanted it. I do not know where the parties went to have the deed made. I had loaned part of the money to my brother, before the purchase of the land."

John C. Helm testified : " I am a brother of Elmira E. Watson. I paid one $400 note to Marion Smith. It was

plaintiff's money. Don't know whose money paid for the land. I owed plaintiff about $700, and, after paying the four hundred on the land, I paid the balance to the husband of Elmira E. Watson. The three hundred dollars paid to the husband was some time after the purchase of the land."

Marion Smith testified: "I got the note of John D. Lewis, which was paid by John Helm to me. It was $400 and interest. The husband of Elmira E. Watson had no means to purchase land. I live a quarter of a mile from Watson. I don't know of Mrs. Watson's husband having any money; he had a team and some stock."

Joseph Futrell testified: "I recollect about the time the land was sold, and remember the money was coming from Mrs. Watson to purchase it. I paid off the last note of $200 to one Wesley Smith. I was surety on this note for Mrs. Watson and her husband. I remember the time the sale was made by the sheriff. Bonham and Cantwell were attorneys for Catherwood, and I was present in town the day the sale was made. I told Mr. Cantwell, who said the sheriff was going to sell the land that day, I thought it would be a bad sale and would be set aside. Watson, the husband, had no money that I know of to pay."

John D. Lewis testified: "I sold the land in controversy to Daniel A. Watson, husband of said Elmira E. Watson; the contract was made; at the time I talked with plaintiff, she said she had seven hundred to put into a piece of land. A short time after this, Daniel A. Watson came to my house, and we finished up the trade."

"It is here admitted," says the bill of exceptions, "that the land in question was sold at sheriff's sale, on a judgment in favor of Joseph Catherwood, against Samuel A. Mills, upon which Daniel A. Watson was replevin bail, and certificate of sale by the sheriff to Joseph Catherwood."

The defence then offered the following evidence : " That said Daniel paid all of the two hundred dollars, except one hundred and twenty-six dollars."

Joseph Catherwood testified : "I purchased the land at sheriff's sale; had no notice whatever of plaintiff's claim."

John Cantwell testified : " I am one of the attorneys for Catherwood. On the day of sheriff's sale, and before the sale, Mr. Futrell told me he thought the sale would be bad; I urged him to say wherein it would be bad, and he refused to communicate it." And this was all the evidence given in the cause.

It is admitted by appellant's attorney, that Catherwood had credited, or entered satisfied, his judgment.

Conceding, without deciding, that a resulting trust arose, in this case, in favor of Mrs. Watson, let us inquire for a moment into the relative equities of said Watson, and the appellant, Catherwood.

Catherwood, it is clear, purchased without any notice of Mrs. Watson's equity. Was he a purchaser for a valuable consideration ? One who gives value, or changes his position for the worse, in reliance in good faith upon the appearance of things, as to the title to property, or extends the time for the payment of an existing debt, stands in the position of a purchaser or creditor for value. 2 Leading Cases in Equity, part 1, p. 32 ; *Brown* v. *Budd*, 2 Ind. 442.

In the case at bar, Daniel A. Watson purchased the land, took the deed in his own name, and had held the land as his own for about three years, his wife, who now claims the equitable title, having knowledge of the fact, and taking no steps to have the title conveyed to her, or for giving notice to the public of her interest in the land. In the mean time, Catherwood obtains a judgment against Samuel A. Mills, who then may have had property

out of which the judgment might have been immediately collected. But Watson, the husband of appellee, is brought into court by Mills, to stay execution on said judgment against him for six months. Watson is duly accepted as bail for the stay of execution, whereupon it is stayed. Mills avails himself of the period of stay, to dispose of his property, becomes insolvent, and, when the time of stay has expired, execution issues against Watson, the land, of which he has appeared to be the owner, is purchased by Catherwood, at a sale on said execution, in payment of his said judgment; Mrs. Watson stands by till all this is accomplished, and then comes forward and seeks to take the land, as hers, from Catherwood, and leaves him without payment of or security for his debt, and burthened with a heavy bill of costs. We think, on such a state of facts, Catherwood should be allowed to occupy the position of a *bona fide* purchaser, and Mrs. Watson be regarded as estopped by her fraud in standing by and witnessing the imposition upon him. *Laidla* v. *Loveless,* 40 Ind. 211; *The State* v. *Holloway,* 8 Blackf. 45.

In this case the wife does not convey her land by estoppel. The land was her husband's.

We can not discover the superiority of the equity of Mrs. Watson to that of Catherwood; and, where the equities are equal, the law will prevail, and the courts of equity will not interfere between the parties. *Vanarsdall* v. *The State, ex rel., ante,* p. 176.

But, to be more precise, the extension of the time for payment of an existing debt is a valuable consideration. Authorities to this proposition need not be cited. It has become elementary.

In the case at bar, Catherwood held a demand that was due from Mills; the State, by her statutes, said to Catherwood, in consideration that Mills gives you good security, you must extend the time of payment of your judgment

six months. To procure such extension, Watson comes forward and gives Catherwood a lien upon the land in' question. This is a valid lien, upon a valuable consideration. It makes no difference that the consideration for the lien passed, not to Watson, but a stranger. *Miller* v. *Billingsly*, 41 Ind. 489.

As we have said, no notice is shown. Vague reports and rumors from strangers are not sufficient. *Foust* v. *Moorman*, 2 Ind. 17, and cases cited; *Cravens* v. *Kitts*, 64 Ind. 581, at the present term. The purchase in this case, admitting that the husband, Watson, was a trustee by implication, falls within the 2d section of the " Act concerning trusts and powers." 1 R. S. 1876, p. 915. The section is as follows :

" No such trust, whether implied or created, shall defeat the title of the purchaser for a valuable consideration, and without notice of the trust." *Hampson* v. *Fall*, 64 Ind. 382.

There was no evidence tending to show that Catherwood, or the court which accepted Watson as replevin bail, had any notice that he was not, at the time, the *bona fide* owner of the land.

It should be here remarked, that the motion for a new trial raised a question, not as to the proof of disputed facts, but as to the law arising upon the undisputed facts of the case. There was no material conflict in the testimony. Concede the evidence to be as the appellee claims it to be, still the court erred in holding that the land in question did not pass by the sheriff's sale. The finding and judgment were contrary to law.

The judgment is reversed, with costs, as of the date of the submission of the cause to this court; cause remanded for further proceedings in accordance with this opinion.