Gifford *et al. v.* Bennett.

No. 8080.

GIFFORD ET AL. *v.* BENNETT.

TRUSTS.—*Married Woman.—Sheriff's Sale.—Husband and Wife.*—Where a husband purchases land with his wife's means, and takes the title in his own name without her consent, he holds it in trust for her. As between them, she is the owner, and is so as against all persons acquiring an interest therein with notice of her equity; but the title of a purchaser at a sheriff's sale of land thus equitably owned by a married woman, sold upon a judgment against the husband, if made for value and without notice of the trust, is protected by section 2 of the act concerning trusts and powers, 1 R. S. 1876, p. 915.

From the Hamilton Circuit Court.

*A. F. Shirts, G. Shirts, W. R. Fertig* and *D. Waugh,* for appellants.

*J. O'Brien* and *M. Garrigus,* for appellee.

BEST, C.—This suit was brought by the appellee against the appellants, in the Tipton Circuit Court. In the complaint it was averred, in substance, that Ambrose Bennett, the appellee's husband, in 1865, at her request, purchased for her the land in dispute, situate in Tipton county, Indiana, and paid for it with means furnished by her; but, in violation of his duty, and without her knowledge or consent, took an absolute conveyance of the same in his own name, and still retains it; that, immediately after the purchase, she took possession of the land, and has since continuously occupied it. It was further averred that a judgment was recovered against her husband in the Tipton Circuit Court, on the 21st day of May, 1875, for sixty-nine dollars and costs; that afterward an execution issued upon such judgment was levied upon said land, which was, on the 7th day of July, 1876, sold by the sheriff of said county to the appellant Annie for $127.35; that, in July, 1877, she received a sheriff's deed for the land, and was claiming the title. Prayer, that the appellee be adjudged the owner, and that a commissioner be appointed to convey to her the title.

A demurrer for want of facts was filed, and overruled to this complaint, to which an exception was reserved.

The cause was then sent on change of venue to the Hamilton Circuit Court, where the appellant Annie filed an amended answer. In this answer she admitted that her title was derived through such sheriff's sale, and, in support thereof, averred, in substance, that the title to such land had been in the name of Ambrose Bennett for more than twelve years, and that during all that time he had been in the possession of the land, occupying and cultivating it, and was at the time of the sale ; that, to satisfy the writ, he had turned out the land to the sheriff, in the presence and with the knowledge and consent of the appellee ; that she stood by at the sheriff's sale and permitted the land to be sold without disclosing her title, and thus induced the appellant to purchase the same at such sale, and pay therefor $127.35, which she did in good faith and without any notice of the appellee's claim.

A demurrer for want of facts was sustained to this answer, to which an exception was taken, and, appellants declining to further plead, final judgment was rendered against them in accordance with the prayer of the complaint. From this judgment they appeal, and assign as error the order of the court in overruling appellants' demurrer to the complaint and in sustaining the appellee's demurrer to the answer.

Ambrose Bennett, having purchased the land for the appellee, paid for it with her means, and taken the title in his own name without her consent, held it in trust for her. As between them she was the owner, and so was she as against all persons acquiring an interest therein with notice of her equity. Her husband, however, had the legal title and held the estate in trust for her. In such case, it is provided by sec. 2, 1 R. S. 1876, p. 915, that "No such trust, whether implied or created, shall defeat the title of the

purchaser for a valuable consideration, and without notice of the trust.''

The averments of the answer bring the appellant clearly within the provision of this section, and, if true, her title, acquired through such sale, can not be defeated by such trust as the appellee asserts. The title of a purchaser at sheriff's sale of lands equitably owned by a married woman is protected by this section, if made for value and without notice. *Catherwood* v. *Watson*, 65 Ind. 576.

The answer was good, without reference to the facts averred to create an estoppel. These added nothing to it, for the obvious reason that an estoppel could not be created unless the purchase was made without notice and for value, and, if it was thus made, the defence was complete without the additional facts. The case of *Behler* v. *Weyburn*, 59 Ind. 143, upon which the appellee relies, is not in point. The land there in dispute was not held in trust, nor was the title sought to be protected by the estoppel acquired by a *bona fide* purchaser.

We think the court erred in sustaining the demurrer to the answer, and for that reason the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things, reversed, at the appellee's costs, with instructions to overrule the demurrer to the answer.