Vitito *et al. v.* Hamilton.

---

No. 9407.

VITITO ET AL. *v.* HAMILTON.

| 86 | 137 |
| 152 | 257 |
| 152 | 259 |
| 152 | 262 |

SHERIFF'S SALE.—*Purchase by Execution Plaintiff.*—An execution plaintiff who purchases at the sale made on his own judgment is a *bona fide* purchaser in such a sense as to be protected against prior equities. ELLIOTT, J., dissents.

Vitito *et al. v.* Hamilton.

SAME.—*Mortgage.*— *Reformation.*— *Right of Purchaser at Sheriff's Sale.*—A mistake in the description of mortgaged premises can not be corrected against a *bona fide* purchaser at a sheriff's sale who has acquired title without notice of the mistake.

From the Scott Circuit Court.

*C. L. Jewett* and *H. E. Jewett,* for appellants.

*C. B. Harrod,* for appellee.

ELLIOTT, J.—We extract from the special finding made in this case the following facts: On the 17th day of March, 1877, William Hamilton was the owner of the tract of land described in the complaint of the appellee, and on that day executed to the latter a mortgage, intending to embrace therein the land described in the complaint, but by an error in drafting the mortgage the land was not properly described. This mortgage was duly recorded. Afterwards, on the 2d day of July of the year named, William Hamilton executed a mortgage to the appellant, a corporation called Aultman & Co., intending to convey the land described in the present complaint, but the same erroneous description was made as in the mortgage to the appellee. This mortgage was taken by the appellant without any actual notice of that held by the appellee. In October, 1878, the appellant named above brought an action to reform and foreclose its mortgage, obtained a decree on which a sale was made, and the lands described in the complaint were bought by the appellant on the 5th day of April, 1879. The appellee was not a party to the action instituted by the corporation appellant. After the purchase by the latter, the former brought his action to reform and foreclose, and obtained a decree, and at the sale made thereon purchased the land. The appellant named was not a party to appellee's action.

The trial court adjudged the appellee to be the owner of the land, and entitled to possession. The case falls within the rule that one who purchases at a sheriff's sale, although himself the execution plaintiff, is a *bona fide* purchaser, and pro-

tected against all prior equities. *Rooker* v. *Rooker,* 75 Ind. 571; *Gifford* v. *Bennett,* 75 Ind. 528; *Catherwood* v. *Watson,* 65 Ind. 576.

The writer does not yield the opinion, heretofore expressed by him, that the rule is unsound, but, on the contrary, adheres to his convictions upon that subject.

As the appellant obtained title prior to any reformation of the appellee's mortgage, it must, under the rule approved by the majority of this court, be held the paramount one. There can be no reformation against a *bona fide* purchaser. We have no brief from appellee.

Judgment reversed.