[No. 8,999. Department One.—April 29, 1884.]

CLAUS SCHLUTER, PLAINTIFF, *v.* CHARLES HAR-
VEY, DEFENDANT AND RESPONDENT, HENRY BAUM-
GARTEN, DEFENDANT AND APPELLANT, J. L. MUTH,
DEFENDANT.

CONSIDERATION—PURCHASE OF LAND.—The cancellation of a pre-existing debt
is a valuable consideration for a purchase of land.

PLEADING—WAIVER OF DEFECTS.—Where a party attempts to plead the facts
showing that he was a *bona fide* purchaser for value, insufficiency of the plead-
ing cannot be considered upon appeal, when no objection was taken by demurrer
or otherwise in the court below, and no objection made to the evidence upon the
point.

INTERPLEADER—PARTIES—PRACTICE.—A tenant against whom conflicting claims
for rent are made, may file a bill of interpleader against the several claim-
ants to determine their respective rights to the rent. In such action, the court
may determine the rights of the claimants as between themselves.

APPEAL from a judgment of the Superior Court of the county
of Tehama, and from an order refusing a new trial.

On September 10, 1878, Muth leased to the plaintiff Schluter
and one Jens certain farming lands for a term commencing
September 10, 1878, and ending September 1, 1882. By the
terms of the lease, the lessees were to pay to the lessor or his
assigns, a yearly rent of one thousand five hundred and fifty
dollars, the first payment to be made September 1, 1879, and
thereafter one payment on September 1st of each year. To
secure the payments, the lessees were to execute a note each year
in advance, with approved security, and deliver it to the lessor on
September 1st. Subsequently, Jens assigned his interest to
Schluter. February 25, 1882, Muth executed an assignment
written upon the back of the lease, as follows:—

" This indenture made the 25th day of February, 1882, by
J. L. Muth of Tehama County, that I give Henry Baumgarten
all my debt of one thousand five hundred and fifty dollars on
this lease, made the 10th day of September 1878, between J. L.
Muth and Claus Schluter, A. C. A. Jens, and C. F. Brinken,
for security of one note made this day of eleven hundred dollars,
with one and one fourth interest, also for tax and so forth."

March 23, 1882, Muth conveyed the premises, by deed, to
Harvey, in consideration of a prior indebtedness. The deed was

recorded March 24, 1882. The lease and assignment were recorded March 25, 1882. September 1, 1881, Schluter, in accordance with the terms of the lease, made and delivered to Muth a note for one thousand five hundred and fifty dollars, payable September 1, 1882. This was to secure the rent for the term from September 1, 1881, to September 1, 1882. By the terms of the lease it became the duty of the tenant to make a note September 1, 1882, payable September 1, 1883, to secure the rent for the year commencing September 1, 1882, and ending September 1, 1883. When the time arrived for making this note, Schluter, learning that Baumgarten and Harvey each claimed that the note should be executed to himself, brought suit against both to compel them to adjust their conflicting claims. Baumgarten and Harvey appeared in open court and admitted the truth of the averments of the bill. It was decreed that the plaintiff execute a note payable to the order of the Superior Court and deposit it with the clerk of the court, and that he be thereupon released and discharged from all claims or liability to either of the defendants, and that the latter interplead and appear before the court on a stated day "to present, try, and determine their several and respective claims to said rent and note in controversy." At the hearing the court found the facts as above stated and gave judgment that Harvey was entitled to the note.

*Chipman & Garter,* for Appellant.

*John F. Ellison,* for Respondent.

The COURT. — 1. It is urged by appellant that the respondent cannot claim to be a purchaser in good faith and for a valuable consideration, because the cancellation of a pre-existing indebtedness is not a valuable consideration within the meaning of section 1214 of the Civil Code. But it is the law of this State that such pre-existing debt is a valuable consideration. (*Frey* v. *Clifford,* 44 Cal. 335.)

2. It is further insisted that the facts showing respondent to be a purchaser for a valuable consideration were not sufficiently pleaded by him. But there was an attempt to plead them, to which no objection was taken by demurrer or otherwise in the

court below, nor was any objection made to the evidence of respondent tending to prove that he was a purchaser *bona fide* and for a valuable consideration.

3. There was evidence to sustain a finding that respondent had no actual notice of the grant to appellant.

4. It is claimed by appellant that the law of this State does not authorize the practice pursued or judgment rendered in this proceeding. In our opinion the action was authorized and the proceeding accords with section 386 of the Code of Civil Procedure.

Judgment and order affirmed.