[No. 9891. Department One. — April 20, 1888.]

## SIMON FOORMAN, APPELLANT, v. JAMES H. WALLACE, RESPONDENT.

CONVEYANCE — BONA FIDE PURCHASER — CONSIDERATION — PRE-EXISTING INDEBTEDNESS. — A conveyance in consideration of the cancellation of a pre-existing indebtedness is a conveyance for a valuable consideration, within the meaning of section 1214 of the Civil Code.

ID. — EXECUTION PURCHASER — JUDGMENT CREDITOR — PRIORITY — UNRECORDED DEED — CERTIFICATE OF SALE FIRST RECORDED. — A judgment creditor who, without notice of a prior unrecorded deed from the judgment debtor, purchases the land of the latter at the execution sale, is a bona fide purchaser, and if his certificate of sale be first recorded, is entitled to priority over the grantee under the prior deed, notwithstanding the latter deed is recorded before the issuance of the sheriff's deed.

ID. — RECORDING CERTIFICATE OF SALE — NOTICE. — Duplicate certificates of sale of real property by a sheriff are entitled to be recorded without acknowledgment, and after being recorded are constructive notice to all the world.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to redeem the land in question from a mortgage thereon held by the defendant, and upon such redemption, for the possession of the land. On the trial, it was shown that on the 1st of May, 1879, one William Trun was indebted to the defendant in the sum of six thousand dollars and upwards, and that in an action on such indebtedness the defendant, on the

1st of September, 1879, recovered judgment against Trun, under which the land in question was purchased by the defendant at execution sale, on the 30th of the same month. The sheriff issued to him a certificate of sale, and on the 3d of October, 1879, filed a duplicate thereof with the county recorder, who recorded it on the same day. During all of these proceedings, and thereafter until the 17th of March, 1880, the land stood of record in the name of Trun. Trun had, however, on the 30th of May, 1878, conveyed the land to William Seifert, but this conveyance was not filed for record until the 17th of March, 1880. On the 3d of April, 1880, the sheriff executed to the defendant his deed of the land, which was recorded on the same day. On the 3d of October, 1881, Seifert conveyed the land to the plaintiff. On these facts the court rendered judgment in favor of the defendant, from which, and from an order refusing him a new trial, the plaintiff appeals. The further facts are stated in the opinion of the court.

*Frank Otis,* and *R. Thompson,* for Appellant.

*Jarboe, Harrison, & Goodfellow,* for Respondent.

SEARLS, C. J.—The question involved in this appeal may be stated thus: A brings an action against B, sues out and levies an attachment upon the land of the latter, obtains a judgment upon which an execution issues, and the land in question is sold. A, the judgment creditor, becomes the purchaser, receives a sheriff's certificate of sale, which is filed and recorded, and in due time receives a sheriff's deed of the premises.

B, the judgment debtor, had conveyed the land before suit brought by a deed which was not recorded, and of which A had no notice until after his receipt and record of the certificate of sale, but which was duly recorded before the sheriff's deed issued.

If, upon these facts, the title of A under his sheriff's deed is paramount to that of B under his deed recorded after the sale and recordation of the certificate, and before the sheriff's deed was recorded, then the judgment and order appealed from should be affirmed; otherwise a reversal should be had.

In other words, is the interest acquired by a purchaser of real estate at a sheriff's sale, whose certificate of sale is properly recorded, destroyed by the production of a deed from the judgment debtor, executed anterior to the sale, but not recorded until after the record of the certificate of sale, and just prior to the expiration of the time for redemption?

Appellant answers this question in the affirmative, and further contends that respondent, having purchased the land at a sale under his own judgment, and having merely credited the net proceeds of the sale upon such judgment, is not a *bona fide* purchaser for a valuable consideration.

It has often been held in this state that a conveyance in consideration of the cancellation of a pre-existing indebtedness is a conveyance for a valuable consideration within the meaning of section 1214 of the Civil Code. (*Gassen* v. *Hendrick*, 74 Cal. 444; *Frey* v. *Clifford*, 44 Cal. 335; *Schluter* v. *Harvey*, 65 Cal. 158.)

A like doctrine prevailed under the recording act in force prior to the code: *Hunter* v. *Watson*, 12 Cal. 377, 73 Am. Dec. 543, where it was said: "A judgment creditor, purchasing at his own sale without notice, is a *bona fide* purchaser within the act."

It follows from these decisions and the findings that respondent stands in the position of an innocent purchaser for a valuable consideration, without notice at the date of his purchase, in the same manner and to the same extent as an innocent third party would do, who had purchased and paid his money.

The question recurs, Was the sheriff's certificate of

sale, issued to the respondent and recorded, good as against an unrecorded deed?

Section 1107 of the Civil Code provides as follows:—

"Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument that is first duly recorded."

Appellant contends that a sheriff's certificate is not an *instrument* whereby a title or lien is acquired within the purview of section 1107 of the Civil Code.

An *instrument* is a writing which contains some agreement, and is said to be so called because it has been prepared as a memorial of what has taken place or been agreed upon. It includes conveyances, leases, mortgages, bills, bonds, promissory notes, wills, etc. (Bouvier's Law Dictionary.)

In *Hoag* v. *Howard*, 55 Cal. 564, it was held that a writ of attachment was not an instrument within the sense of that term as used in section 1107 of the Civil Code, and therefore a deed executed prior to a levy of the attachment upon the property conveyed, though not recorded until after the levy, would prevail over the attachment.

A writ of attachment, an execution, or other writ, is not the record or memorial of any agreement, but simply the mandate of the law commanding something to be done or not to be done, and is quite independent of the will of the party against whom it runs, and is in no sense an embodiment of his agreement, will, or wishes, and we fully concur in the view taken by the court in that case of the writ of attachment.

The court in the same case defined the term "instrument," as used in the Civil Code, to mean "some written paper or instrument signed and delivered by one person

to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty."

The sheriff, under a proper writ, is clothed by law with the power to sell and convey the property of a judgment debtor. This can only be done in the cases, and in the manner and subject to the limitations, provided by law; but when this is accomplished, the process is as effective in passing the title as a conveyance by the debtor himself.

When real estate is thus sold by a sheriff, "the purchaser is substituted to and acquires all the right, title, interest, and claim of the judgment debtor thereto; and when the estate is less than a leasehold of two years' unexpired term, the sale is absolute. In all other cases the property is subject to redemption," etc. (Code Civ. Proc., sec. 700.) The sheriff is required to give the purchaser a certificate of sale, containing a specification of the facts enumerated in the statute; and a duplicate of this certificate must be filed in the office of the county recorder

The certificate is a memorial signed by the sheriff, in which what has taken place at the sale is set forth. It is the evidence of a sale whereby, subject to the right of redemption and of possession in the judgment debtor for the time allowed therefor, the entire equitable title is conditionally vested in the purchaser, subject to be defeated by a redemption, but if not so redeemed, the certificate is evidence of his right to a deed which shall vest in him the dry legal title which remained in the judgment debtor.

The transfer is not perfect until the execution and delivery of the sheriff's deed; but by the doctrine of relation, the deed, when thus executed, is to be deemed and taken as though executed at the date when the lien of which it is the sequence originated.

The sheriff's certificate to the purchaser is the evidence of the equitable interest which the purchaser has

in the land, and is an *instrument* whereby an interest or title is created, within the meaning of section 1107 of the Civil Code (*Page* v. *Rogers,* 31 Cal. 301.)

By section 4237 of the Political Code, the recorder is required to keep in his office a book to be called "Certificates of Sale," and to record therein all certificates of sale of real estate sold under execution, etc. When the case of *Page* v. *Rogers,* cited above, originated, the law in force provided for filing certificates of sale, but did not contain a provision for recording them. The court in that case held that the purpose of filing a duplicate of the certificate of purchase made at execution sale was to give notice to third persons of its existence and contents, and although the statute did not define the object or prescribe the effect of such filing, yet the effect was to impart constructive notice of the estate acquired under the certificate to subsequent purchasers and attaching creditors, and that such notice continued after the time for redemption had expired, and until the sheriff's deed was executed and recorded.

It is objected that there is no provision for the acknowledgment of this class of instruments, and as this was not in fact acknowledged, its record cannot impart notice.

The answer to this proposition is, that the legislature having seen fit to provide for filing and recording duplicate certificates of sale of real property by the sheriff without acknowledgment, none is needed. They are records of the official acts of a public officer, and, like judgments, need only to be authenticated in the manner provided by law. Doubtless it would be within the power of the law-makers to provide that all instruments should be recorded so as to impart notice, without the formality of proof or acknowledgment, had it been deemed proper to do so.

As it is, the law requires the sheriff to file, and the recorder to record, duplicate certificates of sale of real

property, without providing for their acknowledgment; and this court having long since judicially declared the effect of such filing, and the rule as thus established having become the basis upon which property rights are established, were we inclined to change the conclusion reached we should hesitate to do so, for manifest reasons.

We conclude, therefore, —

1. That the certificate of sale given by the sheriff to respondent was an instrument whereby he acquired a title within the meaning of section 1107 of the Civil Code.

2. That the filing and recording of the duplicate certificate imparted constructive notice to all the world.

3. That such certificate, having been recorded before the deed under which appellant claims, and without actual notice of the existence thereof by respondent, it is prior in time and paramount to appellant's title under such deed, and that, as against respondent, the title of appellant under his unrecorded deed is to be treated as if it had never existed.

The judgment and order appealed from are affirmed.

McKinstry, J., and Paterson, J., concurred.