[No. 18084.   Department One. — March 21, 1893.]

ELLEN L. RILEY, APPELLANT, v. F. MARTINELLI ET AL., RESPONDENTS.

RESULTING TRUST — DEED TO HUSBAND — PAYMENT OF CONSIDERATION BY WIFE — EXECUTION SALE — BONA FIDE PURCHASER. — Where land was purchased with the separate funds of the wife, and the deed was taken in the name of the husband, a trust results in her favor, and a purchaser of the legal title of the husband at execution sale takes subject to the trust, unless he can show that he is a purchaser in good faith without notice of the trust.

ID. — PURCHASE BY JUDGMENT CREDITOR OF HUSBAND — PROTECTION AGAINST WIFE'S EQUITY. — A judgment creditor of the husband, who purchases property standing in the husband's name at a sale under execution upon his judgment, although he pays no money therefor, but credits the amount of his bid on his judgment, stands in the same position as a third party making a purchase under the execution and paying a money consideration therefor, and is protected against a latent equity arising from a resulting trust in favor of the wife, of which the judgment creditor had no notice.

ID. — ENFORCEMENT OF RESULTING TRUST — ACTION TO ANNUL SHERIFF'S SALE — EVIDENCE — DECLARATIONS OF WIFE — KNOWLEDGE OF PURCHASER. — In an action by the wife to enforce the resulting trust in her favor, and obtain a decree against the judgment creditor that she is the owner of the property sold, and to have the sale declared void, evi-

dence of declarations made by the wife to a third party, in reference to her ownership of the property, is inadmissible, unless it is proposed to bring the knowledge of such declarations home to the defendant.

EQUITY CASE — INSTRUCTIONS TO JURY — FINDINGS BY COURT. — The refusal of the trial court, in an action in equity, to give proper instructions to the jury is not ground for reversal, where the court finds upon all of the issues in the case, and the evidence is sufficient to warrant the findings.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order denying a new trial.

The facts are stated in the opinion.

*Eugene Aram,* and *Craig & Hawkins,* for Appellant.

As the property in question was the separate property of plaintiff, it is not liable for the debts of her husband. (Civ. Code, sec. 171.) An execution can only be levied upon the property of the judgment debtor. (Civ. Code, sec. 682.) The husband took and held the property in trust for his wife. (Civ. Code, sec. 853.) A judgment creditor purchasing at his own execution sale is not a *bona fide* purchaser, as he advances no new consideration. (*Sargent* v. *Sturm,* 23 Cal. 361; 83 Am. Dec. 118; *Everett* v. *Stone,* 3 Story, 455; *Moyer* v. *Hinman,* 13 N. Y. 180; *Siemon* v. *Schurck,* 29 N. Y. 613; *Eldridge* v. *See Yup Co.,* 17 Cal. 56; 72 Am. Dec. 420; *Arnold* v. *Patrick,* 6 Paige, 310; *Williams* v. *Hollingsworth,* 1 Strob. Eq. 103; *Dickerson* v. *Tillinghast,* 4 Paige, 215; 25 Am. Dec. 528; *Rowan* v. *Adams,* 1 Smedes & M. Ch. 45; *Powell* v. *Jeffries,* 4 Scam. 387; *Freeman* v. *Hill,* 1 Dev. & B. Eq. 389; *Polk* v. *Gallant,* 2 Dev. & B. Eq. 395; 34 Am. Dec. 410.) An execution against a trustee will not affect the property he holds in trust. (*Hart* v. *Burnett,* 15 Cal. 578; *Fulton* v. *Hanlow,* 20 Cal. 480; *Wheeler* v. *Hampson,* 16 Cal. 291; *Townsend* v. *Greely,* 5 Wall. 337; *Carter* v. *Porter,* 55 Me. 345; Civ. Code, sec. 682.) The rule protecting *bona fide* purchasers without notice only applies to such purchasers of the legal title. The purchaser at an execution sale under our system is not the purchaser of the legal title; he merely acquires a lien, with a contingent

right to become clothed with the legal title, and there-fore cannot bring himself within the rule, on this ground. He takes the title subject to all existing equities. (*Reynolds* v. *Harris*, 14 Cal. 680; 76 Am. Dec. 459; *Dupont* v. *Wertheman*, 10 Cal. 354; *Anthony* v. *Wessel*, 9 Cal. 103; *Cummings* v. *Coe*, 10 Cal. 529; *Smith* v. *Brannan*, 13 Cal. 115; *O'Rourke* v. *O'Connor*, 39 Cal. 442.) In all such cases the doctrine of *caveat emptor* applies, and the purchaser takes the risk of any infirmities or defects of title which may exist. (*Clark* v. *McElvy*, 11 Cal. 160; *Adams* v. *Cuddy*, 13 Pick. 463; 25 Am. Dec. 330; *Morse* v. *Godfrey*, 3 Story, 364; *Jackson* v. *Hubble*, 1 Cow. 613; *Jackson* v. *Winslow*, 9 Cow. 13; 4 Kent, 261; *Blanchard* v. *Brooks*, 12 Pick. 47; *Dupont* v. *Wertheman*, 10 Cal. 354.)

*F. E. Baker*, for Respondents.

Purchasers in good faith and for valuable consideration are protected by the laws providing for the recording of instruments. (Civ. Code, secs. 1107, 1214; *Wood* v. *Chapin*, 13 N. Y. 509; 67 Am. Dec. 62; *Frey* v. *Clifford*, 44 Cal. 340–343.) The conveyance to subsequent purchasers includes certificates of sale issued by sheriff upon execution sale. (Civ. Code, sec. 1215; *Foorman* v. *Wallace*, 75 Cal. 558.) The policy of the law is, that if two innocent persons must suffer, the loss will fall upon that person who has been guilty of the first negligence. (*Gower* v. *Doheney*, 33 Iowa, 36; *Vitito* v. *Hamilton*, 86 Ind. 137; *Norman* v. *Davies*, 24 Fed. Rep. 609; *Wood* v. *Chapin*, 13 N. Y. 509; 67 Am. Dec. 62; *Evans* v. *McGlasson*, 18 Iowa, 150.) The sheriff's certificate of sale was sufficient to protect Martinelli against a mere agreement between husband and wife for a conveyance to the latter which was never disclosed until after Martinelli's purchase at execution sale; and plaintiff's contention that a trust existed between herself and husband, that Martinelli got only the legal title, while the equitable right remains in the plaintiff, is not the rule. (Civ. Code, sec. 1107; *Foorman* v. *Wallace*, 75 Cal. 557, 558.) A pre-existing debt is uniformly regarded in this state

as a valuable consideration. (*Frey* v. *Clifford*, 44 Cal. 340–343; *Schluter* v. *Harvey*, 65 Cal. 158; *Foorman* v. *Wallace*, 75 Cal. 552, and cases cited.) This being a suit to quiet title, the same rights and remedies could be asserted and enforced as might have been in an action of ejectment. In fact, the scope of the relief which may be sought and administered in this form of action is more comprehensive than in ejectment. (*People* v. *Center*, 66 Cal. 555, 556, 561–563; *Hyde* v. *Redding*, 74 Cal. 496–499.) The relief administered in this cause is a proper application of the remedy to which the defendant is entitled. In an action of this kind, a defendant out of possession may present his title and have the same quieted as against the plaintiff, and the court will, by the issuance of the proper writ, place the defendant in possession. (*Kitts* v. *Austin*, 83 Cal. 167–172.)

SEARLS, C. — This action is brought to obtain a judgment decreeing Ellen L. Riley, the appellant, to be the owner of certain premises situate in Woodland, Yolo County; that a sheriff's sale thereof to defendant F. Martinelli be declared null and void, etc.

J. T. Riley, one of the defendants, and Ellen L. Riley, the plaintiff, were at the several dates herein mentioned husband and wife.

About January, 1880, plaintiff and her husband negotiated for the purchase of the premises in question, which negotiations culminated in the purchase and paying for the same by the plaintiff, who took a deed of conveyance therefor in the name of her husband, which deed was duly recorded in the office of the county recorder of the county of Yolo.

The purchase price of the land was $375, and was paid by the plaintiff from her separate property. She also, according to her testimony, built a dwelling-house upon the land, at an expense of one thousand dollars, which was also paid for by her out of her separate property.

Plaintiff and her husband, J. T. Riley, occupied the

premises as a family residence up to the time of the
levy of the execution hereinafter mentioned, and subse-
quent thereto, which was known to defendant Marti-
nelli, but there was nothing in the manner or method of
the residence or occupation or use of the property which
imparted or tended to impart notice to any person that
plaintiff had or claimed to have any separate property,
interest, or estate in or to said premises.

There was a private understanding between plaintiff
and her husband, before the conveyance, that the title to
the premises should be conveyed to the latter, and that
thereafter, when plaintiff desired him to do so, he would
convey to her.   Plaintiff often requested her said hus-
band to make such conveyance, but he failed and ne-
glected so to do.   Plaintiff stated to her friends that she
claimed said premises as her property, but such claim
was not openly proclaimed, was not known by the de-
fendant Martinelli, or by the public generally.

Defendant Martinelli held a mortgage against prop-
erty of the husband, J. T. Riley, other than the premises
in question, which he foreclosed, and under which he
sold, and there being a deficiency, judgment was dock-
eted in his favor and against J. T. Riley, upon which
judgment execution issued to the sheriff, who levied
upon the premises in question in this action, and in due
time, and after proper notice, sold the same as by law re-
quired, said Martinelli, the judgment creditor, becoming
the purchaser for $1,265.73, the amount of his judgment
and costs.

A certificate of sale was issued to him as purchaser,
and a duplicate thereof recorded in the office of the
county recorder of the county of Yolo.   The time for
redemption expired July 10, 1891, and no redemption
was made or had.

Before purchasing the property, Martinelli examined
the records of the county, and found it stood in the
name of the husband, J. T. Riley, and that there was a
mortgage thereon executed by the latter.

The findings show that Martinelli, up to the time of

his purchase, had no notice of any equitable claim of plaintiff in or to the premises. Martinelli received a sheriff's deed of the premises after the filing of the original complaint herein, but before the amended complaint was filed, viz., August 5, 1891.

As between the plaintiff, who is appellant here, and her husband, there is no question but that the latter held the legal title to the premises in trust for the former.

The doctrine is well established that where land is purchased in the name of one person, and the consideration is paid by another, the land will be held by the grantee in trust for the person furnishing the consideration. (*Bayles* v. *Baxter*, 22 Cal. 575; *Hidden* v. *Jordan*, 21 Cal. 92; *Millard* v. *Hathaway*, 27 Cal. 119; *Currey* v. *Allen*, 34 Cal. 254.)

The doctrine is well established, also, that the lien of a judgment and execution attaches to the real, instead of the apparent, interest of the judgment debtor in and to his property, and that under ordinary circumstances a sale made under such lien transfers no interest beyond that in fact held by the defendant when the lien attached, or acquired by him subsequently thereto, and before the sale. (Freeman on Executions, sec. 335; Freeman on Judgments, secs. 356, 357; *Frink* v. *Coe*, 70 Cal. 296.)

"The purchaser at an execution sale takes his title subject to such liens, easements, and equities as it was subject to in the hands of the defendant in execution, unless he can show that he is a purchaser in good faith, and without any notice, actual or constructive, of the existence of such lien, easement, or equity." (Freeman on Executions, sec. 336.)

This doctrine does not, however, reach the point under consideration in this case. We may concede that the rule enunciated above applies to a third party purchasing at a sale under execution, and the question still remains: Does the judgment creditor, who purchases at his own sale, and pays no money, but credits the amount

of his bid on his judgment, stand in the same position as a third party, who has purchased at a like sale, and paid a money consideration?

In other words, Is the judgment creditor, who bids at his own sale, and as the effect thereof satisfies his judgment in whole or in part, a purchaser for value in that sense which entitles him to protection? The authorities are by no means uniform on the question.

In Iowa, in *Gower* v. *Doheney*, 33 Iowa, 36, a case in which the judgment debtor held lands under an implied trust, in pursuance of which, subsequent to the judgment, he conveyed to the *cestui que trust*, the latter failed to record his deed, and the lands were purchased by the judgment creditor at execution sale, without notice of the deed or of the equitable estate, and it was held that the execution creditor took his title freed from the equity.

The decision was based upon the equitable theory that where one of two innocent parties must suffer, the loss should fall upon that party who has been guilty of the first negligence.

Other cases in Iowa hold that when a creditor merges his judgment into a title, without notice, actual or constructive, of private equities, he becomes a purchaser, and is entitled to protection, equally with any subsequent *bona fide* purchaser.

In Indiana the court held both ways on the question. (See *Vitito* v. *Hamilton*, 86 Ind. 137, and *Carnahan* v. *Yerkes*, 87 Ind. 62.)

In the latter case it was held that " an execution creditor, who bids off property at a sale upon his own execution, and applies the bid to the payment of his own judgment, is not regarded as a *bona fide* or innocent purchaser."

It is sufficient to say that a large number of cases to like effect are to be found, and holding, with more or less uniformity, that a plaintiff purchasing at a sale under his own writ takes subject to all equities against the defendant in execution, whether he has notice of

them or not. This view is founded upon the theory that, to constitute a person a *bona fide* purchaser within the meaning of the law, he must, upon the faith of the purchase of the property, have advanced for it a valuable consideration, and that a creditor, antecedent to his purchase, who pays for the purchase by a credit on his own demand, has parted with no consideration on the faith of the purchase, and is not such a *bona fide* purchaser as is entitled to protection against equities of which he has no notice.

It is believed, however, that the current of modern authority tends to the doctrine that a judgment creditor purchasing at his own sale, equally with a third party making a purchase under the execution, is protected against latent equities of which he had no notice. And we can see no good reason for the distinction to which we have alluded.

If A advances money to B, which is not paid, and he obtains judgment, issues execution, levies upon the property of B, attends the sale, and, being the highest bidder, purchases the property, it is difficult to see why he is in a different position from any other purchaser. In such a case, the law seizes the property and sells it to the highest bidder, and the judgment creditor takes it, not in his capacity as creditor, but as purchaser. The law of this state, with a view, no doubt, of benefiting the debtor, by causing his property to bring the best attainable price, permits and encourages the creditor, alike with others, to purchase at sales under execution, and having done so, the fact that he advanced the purchase price last month or last year should not militate against his rights or alter his *status* in the eye of the law.

It has repeatedly been held in this court that a conveyance in consideration of the cancellation of a pre-existing indebtedness is a conveyance for a valuable consideration within the meaning of section 1214 of our Civil Code. (*Foorman* v. *Wallace,* 75 Cal. 552; *Gassen* v.

*Hendrick*, 74 Cal. 444; *Schluter* v. *Harvey*, 65 Cal. 158; *Frey* v. *Clifford*, 44 Cal. 335.)

In this state, we think the question has been settled in consonance with this view.

In *Hunter* v. *Watson*, 12 Cal. 377 (Baldwin, J., delivering the opinion of the court, Field, J., concurring), it was said: "But a judgment creditor purchasing at his own sale, without notice, is a *bona fide* purchaser within the act. The cases are not agreed upon this subject, but the weight of authority and the reason of the rule are as we have stated it."

The act referred to in the foregoing quotation was the Recordation Act of 1850.

Section 1107 of our Civil Code is as follows: "Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who, in good faith and for a valuable consideration, acquires a title or lien by an instrument that is first duly recorded." In *Foorman* v. *Wallace*, 75 Cal. 552, it was held that a sheriff's certificate of sale of real property "is the evidence of the equitable interest which the purchaser has in the land, and is an *instrument* whereby an interest or title is created within the meaning of section 1107 of the Civil Code"; and cites, in favor of the proposition, *Page* v. *Rogers*, 31 Cal. 301.

*Foorman* v. *Wallace*, 75 Cal. 552, held, also, that the filing and recording of the certificate of sale imparted constructive notice to all the world, and that the right acquired thereunder was prior and paramount to the title of a prior unrecorded deed, of which the holder of the sheriff's certificate had no notice at the date of recordation.

The plaintiff here cannot be said to be in a better position than she would have been had she held an unrecorded conveyance of the property. It was in her power for many years to have enforced her equitable right to the property; but having failed to do so until a sale thereof, and recording of the evidence of such sale

under an execution against her husband, who was the ostensible owner thereof, and in whose name the title was recorded, she comes too late to ask for relief against one clothed with the legal title and an equal equity.

There is nothing in the views herein expressed in conflict with either of the decisions in *Breeze* v. *Brooks*, 71 Cal. 169. In that case Patrick Brooks was the equitable owner of land, the legal title to which stood in the name of John Brooks. The latter obtained credit from the plaintiffs in the cause, who believed him to be the owner. John Brooks conveyed the legal title to Patrick, the owner of the equity, who caused his deed to be recorded. Subsequently, the plaintiffs brought suit against John, on their demand, obtained judgment, sold the land under execution, became the purchasers, and in due time obtained a sheriff's deed, under which they sought to subject the land to their claim.

There they sought to show that Patrick Brooks was estopped by his acts in the premises from asserting title.

Here the estoppel comes from the effect of our recording act, which establishes what the court has held to be a salutary and binding rule.

At the trial, the court submitted to a jury the following single issue and question, against plaintiff's objection and exception, to wit: "Did Martinelli, on January 10, 1891, have notice that the property belonged to Mrs. Riley?"

To which the jury answered "No."

Counsel for plaintiff asked the court to submit to the jury the questions, in substance, — 1. Whether, at the date of his purchase, Martinelli had actual notice that plaintiff claimed the property etc. Which was substantially submitted. 2. Whether, at the said date, he had constructive notice of such fact. Which was refused by the court.

Counsel then asked certain instructions in reference to actual and constructive notice, substantially as defined in sections 18 and 19 of the Civil Code, which were refused by the court, and the refusal

excepted to.   We think the court, on its own motion, instructed the jury as to the question submitted as far as was necessary.

It was an equity case, and the court adopted the answer of the jury, it is true, in its findings of fact, but it proceeded at length to find upon all the issues in the case.   This being so, the refusal to give instructions is not cause for a reversal of the case.   (*Hewlett* v. *Pilcher*, 85 Cal. 545.)   The evidence was sufficient to warrant the findings.

There was no error in striking out the testimony of the witness Balzari as to declarations made to him by the plaintiff in reference to her ownership of the property, because it was not proposed to bring knowledge of such declarations home to defendant Martinelli.

Again, the finding of the court as to plaintiff's ownership of the property cured the error, if any there was.

Upon a review of the whole record, it is believed the cause was fairly tried and properly decided, and that the order overruling the motion for a new trial and the judgment should be affirmed, and we so advise.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., HARRISON, J., PATERSON, J.