[L. A. No. 634.   Department One.—June 25, 1900.]

R. M. DOUGLASS, Respondent, v. B. E. WILLARD, Appellant.

QUIETING TITLE—PLEADING—EVIDENCE—PRIORITY OF REGISTRY—BURDEN OF PROOF—BONA FIDE PURCHASER—REOPENING CASE.—In an action to quiet title, where the complaint was in the usual form, and the defendant pleaded title, but neither party alleged the source of title, and plaintiff proved a *prima facie* title under execution and rested, whereupon the defendant proved a deed from the execution debtor made long prior to the sale under execution, but recorded after the certificate of sale and prior to the sheriff's deed, the burden of proof was shifted upon the plaintiff to show that he was a *bona fide* purchaser for value, without notice of defendant's deed, and the court had discretion to allow plaintiff to reopen his case, and make such proof.

ID.—SUFFICIENCY OF FINDINGS.—Findings that plaintiff purchased the premises for the sum of two hundred dollars, and paid the said amount therefor, and at the time had no notice, actual or constructive, that the premises had been before sold and conveyed to the defendant or to anyone, sufficiently show that plaintiff was a *bona fide* purchaser for a valuable consideration.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Lucien Shaw, Judge.

The facts are stated in the opinion.

William Fitzgerald, for Appellant.

E. W. Sargent, for Respondent.

HAYNES, C.—Action to quiet title. Findings and judgment were for the plaintiff, and the defendant appeals from the judgment and from an order denying a new trial.

The complaint was in the usual form, alleging that the plaintiff is the owner in fee simple of the described lot, that defendant claims an interest therein adverse to the plaintiff, and that her claim is without right, etc. The answer denied these allegations, and alleged that defendant was the owner in fee simple. Neither referred in any manner to the source of title under which they respectively claimed.

The plaintiff gave evidence showing a valid sale by a constable of the lot in question under a judgment rendered by a justice of the peace against J. H. Melvill, the plaintiff being the purchaser, that the certificate of sale was duly recorded on October 23, 1896, the execution of a deed to the plaintiff, and that the deed was recorded April 23, 1897. It was stipulated that the title to the lot in question was vested in said Melvill on February 26, 1889, and the plaintiff then rested.

The defendant introduced a deed executed by said Melvill to her on May 1, 1894, and recorded April 17, 1897, after the certificate of sale to the plaintiff was recorded, and six days before his deed was recorded, and the defendant then rested.

The plaintiff immediately moved the court to reopen the case and permit him to show that plaintiff was a purchaser for a valuable consideration and without notice that the defendant or any person other than said Melvill had any interest in said lot. This motion was granted over defendant's objection, and an exception was taken. The plaintiff thereupon introduced evidence tending to show that he was a *bona fide* purchaser in good faith, and without notice, and for a valuable consideration.

If it be conceded that plaintiff could not have introduced this evidence otherwise than by motion and leave of the court, it was clearly within the discretion of the court to grant it. After the defendant had introduced her deed, prior in date to that of plaintiff, the burden was then shifted to

plaintiff to show that his purchase was for value, without notice, and prior to the recording of the defendant's deed. (*Long v. Dollarhide,* 24 Cal. 218.)

It is only in cases of abuse of discretion that this court will interfere with an order of the lower court allowing additional evidence to be introduced by a party after he has once rested. It is contended that there is no finding that the plaintiff was a purchaser for a valuable consideration. It is found by the court that plaintiff purchased the premises for the sum of two hundred dollars and paid the said amount therefor, and at the time "had no notice, actual or constructive, that said J. H. Melvill had sold or conveyed said premises to the defendant B. E. Willard, or to any person." This certainly is a finding that plaintiff was a purchaser, and two hundred dollars is certainly a valuable consideration. (See *Foorman v. Wallace,* 75 Cal. 552.)

This disposes of the only points urged in defendant's brief. We advise that the judgment and order be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., McFarland, J.