[Civ. No. 3460. First Appellate District, Division Two.—November 10, 1920.]

## THE COMMERCIAL NATIONAL BANK OF LOS ANGELES (a Corporation), Appellant, v. C. S. ROBERTS et al., Respondents.

[1] Resulting Trust—Conveyance to Third Party—Consideration—Cancellation of Pre-existing Indebtedness.—Where a husband in consideration of the cancellation of a pre-existing indebtedness to his wife made a conveyance of real property to his wife's sister, the sister took the property with a resulting trust for the wife, and the deed was not void as a prohibited secret parol trust to convey.

[2] Deed—Consideration—Cancellation of Pre-existing Indebtedness.—Cancellation of a pre-existing indebtedness is a valuable consideration for a conveyance.

[3] Fraudulent Conveyance—Adequacy of Consideration—Discretion—Appeal.—The determination of just what is an adequate consideration for an alleged fraudulent transfer calls for the exercise of judicial discretion, and on appeal every reasonable presumption must be indulged in favor of the action of the trial court.

[4] Attachment—Prior Unrecorded Deed—Priority.—A deed executed and delivered, though not recorded, passes title against a subsequent attachment or judgment, even when procured by a creditor of the grantor.

[5] Fraudulent Conveyances — Preference of Creditors — False Statements—Effect of.—Mere false statements by a debtor to his creditor are not sufficient to warrant a court in setting aside a preferential deed to another creditor in satisfaction of his debt, since a debtor may prefer one creditor to another in a case where the bankruptcy statutes do not apply.

[6] Id.—Inadequacy of Consideration—Circumstance of Fraud.—Inadequacy of consideration is not of itself fraudulent, but is only a circumstance tending to show knowledge of fraud or participation in it.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

James, Smith & McCarthy for Appellant.

Daley & Byrne for Respondents.

BRITTAIN, J.—The plaintiff sued to have certain convey-
ances set aside as fraudulent and appeals from the judgment
against it.   The real basis of the attack is that the evidence
does not support the findings of fact.   Interwoven with the
argument upon this question the appellant makes certain
contentions regarding the law.   It will tend to clarity to dis-
pose of these contentions in the first instance.   Three deeds
through which Roberts' title to the land in controversy be-
came vested in his wife, the respondent, Mida Roberts, are
attacked, and a sheriff's deed under execution against Rob-
erts is relied upon by the appellant, which maintains that,
apart from any question of fraud, each of the three deeds
is void, and that the sheriff's deed gave to the appellant
legal title.

[1] The first deed in the series is in the ordinary form
of grant, for an expressed consideration of ten dollars, from
Roberts to a Mrs. Buechner, a sister of Mrs. Roberts.   The
trial court found that the real consideration for the convey-
ance was a pre-existing debt of Roberts to his wife, and that
the conveyance was made to Mrs. Buechner, who paid no
part of the consideration, with a resulting trust for Mrs.
Roberts.   The appellant contends that apart from any ques-
tion of fraud, or lack of consideration, or nonexistence of
the debt, the deed is void as a prohibited secret parol trust
to convey.   Cases are cited announcing the familiar rule that
to support such a resulting trust the consideration for the
conveyance must have been paid by the beneficial owner.
Assuming for the present purpose the existence of the debt
from Roberts to his wife, there could be no contention such
as the appellant makes if Roberts had paid the amount of the
debt in money to his wife and immediately she had paid him
the same money as the consideration for his conveyance to
Mrs. Buechner.   (Civ. Code, sec. 853.)   The law does not
require so idle an act as the mere passing back and forth of
the same coin.   (Civ. Code, sec. 3532.)   [2] Cancellation
of a pre-existing indebtedness is a valuable consideration for
a conveyance.   (*Schulter* v. *Harvey*, 65 Cal. 158, [3 Pac.
659] ; *Riley* v. *Martinelli*, 97 Cal. 582, [33 Am. St. Rep. 209,

21 L. R. A. 33, 32 Pac. 579].) If the transaction was untainted by fraud, the entire title of Roberts was divested by the conveyance of the legal title to Mrs. Buechner, subject to the resulting trust for Mrs. Roberts.

Still assuming that the transaction was not fraudulent, after Roberts divested himself of title, neither he nor the appellant claiming under a subsequent execution sale is at all interested in what became of the title, or whether or not subsequent transfers were valid or fraudulent; therefore, no consideration need be given to the appellant's contentions concerning the subsequent deeds from Mrs. Buechner to Roberts' sister, Mrs. Brillhart, and from her to Mrs. Roberts. On the other hand, if the first deed was fraudulent, the subsequent deeds are similarly tainted and fall with it, and in that event it is unnecessary to consider the particular attacks of the appellant directed to them. If the entire title passed from Roberts under the first deed, the judgment must be affirmed; if· no ·title passed from Roberts because the first deed was fraudulent, the judgment must be reversed. The only bearing transactions subsequent to that deed could possibly have upon the case is that they might tend to show fraud or guilty knowledge connected with the original transaction. The final contention of the appellant that because its sheriff's deed was recorded before the date of the last deed in the series, legal title vested in Mrs. Roberts under that deed, subject to the appellant's right, is wholly groundless. If by the first deed Roberts' title was divested, the appellant acquired nothing by the sheriff's deed, and its recordation added no new right.

The only other matter to be considered is the attack on the sufficiency of the evidence. The first deed was dated November 20, 1914. The appellant, in its brief, says: ''If the deed was actually executed on the day of its date, and if there was a valuable and adequate consideration for it, and if there was no fraudulent intent, the deed vested title in Buechner and wiped out our attachment.'' The attachment was levied after the date of the deed, judgment followed against Roberts on his debt to the appellant in the attachment suit, and sale of his interest, if any, to the appellant was under execution levied on that judgment.

Section 3442 of the Civil Code, in so far as it relates to the matters under discussion, provides that the question of

fraudulent intent is one of fact and not of law; nor can any transfer be adjudged fraudulent solely on the ground that it was not made for a valuable consideration; provided that any transfer made voluntarily or without a valuable consideration by a party while insolvent, or in contemplation of insolvency, shall be fraudulent and void as to existing creditors. From the quoted statement in the appellant's brief, if the evidence meets four requirements, the judgment must be affirmed. The four points are: (1) Execution on November 20, 1914; (2) A valuable consideration; (3) Adequate in amount; and (4) Lack of fraudulent intent. Taken as a whole, the evidence is such that a finding in favor of the appellant on any of these facts, except, perhaps, the first, would have been sustained, but it does not follow that the present findings must be reversed. (*Bandle* v. *Commercial National Bank of Los Angeles,* 178 Cal. 546, [174 Pac. 44].)

On the question of execution of the deed on its date there is ample evidence. The notarial certificate showed acknowledgement on November 20, 1914, and in addition to the positive testimony of Roberts, his wife, and Mrs. Buechner, the subscribing witness and the notary testified they were present at a dinner at Roberts' house when the deed was delivered. As against this it is argued that certain suspicious circumstances were of such a character as should have prompted the trial court to reject this testimony of these five witnesses. This court, not having seen the witnesses, cannot, in the face of the record, brand them as perjurers.

On the question of a valuable consideration, Roberts and his wife testified she had caused certain land owned by her subject to a mortgage to be transferred to him, and that the mortgage was foreclosed, also that she had from time to time advanced to him certain money during a period of about two years, that they had figured up the amount of the debt and agreed that it amounted to about two thousand dollars, to cancel which the deed was made. This evidence was sufficient to establish the existence of the debt, and as a matter of law the cancellation of such a debt constitutes a valuable consideration. (*Schulter* v. *Harvey,* 65 Cal. 158, [3 Pac. 659]; *Riley* v. *Martinelli,* 97 Cal. 582, [33 Am. St. Rep. 209, 21 L. R. A. 33, 32 Pac. 579]; *Ross* v. *Sedgwick,* 69 Cal. 250, [10 Pac. 400]; *Sanderson* v. *Broadwell,* 82 Cal.

133, [23 Pac. 36]; *Hart* v. *Mead,* 84 Cal. 244, [24 Pac. 118]; *Greenwalt* v. *Mueller,* 126 Cal. 639, [59 Pac. 137]; *Fowles* v. *National Bank of California,* 167 Cal. 664, [140 Pac. 271].)

On the question of adequacy of the consideration there was evidence that the property, which was a ranch where Roberts and his wife maintained their home, was worth about five thousand dollars and that it was subject to a mortgage to a third person to secure a debt of about two thousand five hundred dollars. Roberts testified that his debt to his wife was about eighteen hundred dollars; she testified it was two thousand dollars or somewhat more. The appellant argues from certain evidentiary matters that the debt could not have been more than five hundred dollars, but from the facts on which the appellant relies, it may have been considerably more. The appellant assumes the ranch to have been worth more than five thousand dollars, but this assumption does not rest upon any conclusive evidence. If the ranch were worth seven thousand five hundred dollars subject to the mortgage of two thousand five hundred dollars and there had been no debt from Roberts to his wife, either might have defeated the appellant's judgment by a declaration of a homestead. The trial court found there was a debt and it was canceled. Upon the evidence of value of five thousand dollars, subject to a mortgage of two thousand five hundred dollars, the court was justified in considering the equity of the holder of the legal title as worth considerably less than the difference in the two amounts. **[3]** Under these circumstances the determination of just what is an adequate consideration for a transfer calls for the exercise of judicial discretion, and on appeal every reasonable presumption must be indulged in favor of the action of the trial court. It has often been said, to warrant interference with the discretion vested in the trial court, the disparity between the ascertained value of the thing sold and the price paid must be so clear and so great as at first glance to shock the moral sense. No such condition appears under the facts in evidence and to which reference has been made.

On the question of fraud, in addition to the claimed inadequacy of the consideration for the transfer, there are many circumstances tending to support the view of the appellant, but these were all matters of fact, confided to the

determination of the trial court. Roberts testified that he had no fraudulent intent. That he told numerous untruths to the officers of the appellant bank, and concealed from them the facts concerning the execution of the deed to his wife, is beyond question. The deed had not then been recorded. [4] A deed executed and delivered, though not recorded, passes title against a subsequent attachment or judgment, even when procured by a creditor of the grantor. (*Hoag* v. *Howard,* 55 Cal. 564; *Foorman* v. *Wallace,* 75 Cal. 552, [17 Pac. 680]; *Morrow* v. *Graves,* 77 Cal. 218, [19 Pac. 489]; *Ward* v. *Watterman,* 85 Cal. 507, [24 Pac. 930]; *Bank of Ukiah* v. *Petaluma etc. Bank,* 100 Cal. 590, [35 Pac. 170]; *National Bank of Pacific* v. *Western Pacific Ry. Co.,* 157 Cal. 576, [21 Ann. Cas. 1391, 27 L. R. A. (N. S.) 987, 108 Pac. 676].) [5] Mere false statements by a debtor to his creditor are not sufficient to warrant a court in setting aside a preferential deed to another creditor in satisfaction of his debt. A debtor may prefer one creditor to another in a case where the bankruptcy statutes do not apply. (Civ. Code, sec. 3442; *Sanderson* v. *Broadwell,* 82 Cal. 133, [23 Pac. 36]; *Heath* v. *Wilson,* 139 Cal. 362, [73 Pac. 182].) "It is a well-settled rule that where a plaintiff attacks a conveyance as in fraud of his rights, it is incumbent upon him first to show the fraudulent intent of the grantor. The burden then shifts to the purchaser to show valuable consideration, and, this shown, the burden shifts again to the plaintiff to show the vendee's knowledge of the fraudulent intention of the grantor." (*Hart* v. *Church,* 126 Cal. 471, [77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296].)

Assuming that Roberts' false statements to the bank officials showed a fraudulent intent on his part, under the rule the burden shifted to Mrs. Roberts to show a valuable consideration. This burden she sustained under the findings to which reference has been made. The burden then again shifted to the appellant to show guilty knowledge on her part of Roberts' fraudulent intent, and the argument upon this subject rests largely upon the claim of inadequacy of consideration. [6] Inadequacy of consideration is not of itself fraudulent. It is only a circumstance tending to show knowledge of fraud or participation in it. Knowledge and intent remain questions of fact on which the appellate court

49 Cal. App.—49

is bound by the determination of the trial court. (Civ. Code, sec. 3442; *McFadden* v. *Mitchell,* 54 Cal. 628; *Sukeforth* v. *Lord,* 87 Cal. 400, [2 Pac. 497]; *Rossen* v. *Villanueva et al.,* 175 Cal. 632, [166 Pac. 1004].) Mrs. Roberts testified that she had no knowledge that her husband was indebted to the appellant, and that at the time of the conveyance she believed him to be a man of ample means. The most that can be said in favor of the contentions of the appellant in regard to the sufficiency of the evidence to support the findings is that it was conflicting. There is nothing .else in the record or briefs requiring consideration.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.